## Joseph Shannon, Administrator, v. N. G. Goffe.

The Sheriff is without capacity to certify a waiver of citation; such waiver must either be made in express terms of record, or may be inferred from the appearance of defendant in person or by attorney.

The want of citation is a cause of nullity, which may be urged on appeal.

APPEAL from the District Court of the Parish of Carroll, *Farrar*, J. *Goodrich & DeFrance*, for plaintiff. *Sparrow & Montgomery*, for defendant and appellant.

Buchanan, J. The defendant and appellant assigns for error apparent on the face of the record, that he has not been cited in the suit.

The return of the citation is as follows:

"Received, Saturday, 9th April, 1859, together with a copy hereof, and a copy of plaintiff's petition, and on Monday, 2d of May, *N. G. Goffe*, defendant, waived all service in the presence of *F. M. Goodrich*, one of plaintiff's attorneys, and this return is made as per instructions of said attorney."

This return is illegal. The duty of the Sheriff is to serve the citation, in one of the modes pointed out by Article 187 of the Code of Practice. He is without capacity to certify a waiver of citation. Such waiver must either be made in express terms of record, or may be inferred from appearance of defendant in person or by attorney. Hennen's Digest, verbo Citation, IV.

The want of citation is a cause of nullity, which may be urged on appeal. C. P. 605, 608.

Judgment reversed, and cause remanded for further proceedings according to law; the costs of appeal to be borne by plaintiff and appellant.