*317
 
 LAND, J.
 

 Under executory process, the plaintiff caused to he seized and sold certain lots in the city of Shreveport, parish of Oaddo, owned by defendant. Defendant has taken a devolutive appeal from the executed order for the sale of the property, on the ground that he has not been legally cited, as a curator ad hoc was appointed by the court below to represent him in the executory proceedings, on the alleged insufficient allegation in the petition for the writ of sale “that defendant is temporarily out of the parish of Caddo, and has no agent or any legal representative in said parish, and no fixed place of residence, nor person living there competent to receive service of process.”
 

 It appears, from an application in the record to consolidate the present suit with the suit of L. J. Mountz v. F. L. Dyer et al., 104 So. 123,
 
 [1]
 
 No. 25900 on the docket of this court, that an action of nullity to rescind the sale made under the executed order in this case is now pending in the latter suit in this court on suspensive appeal. The application to consolidate these two suits, originally granted, has been set aside.
 

 Defendant and- appellant must be relegated to his action of nullity in the latter suit. The only question presented for decision by an appeal from an order of seizure and sale in executory proceedings is whether there was sufficient authentic evidence before the district court to authorize the issuance of the order of seizure and sale. The validity of a sale made by the sheriff by virtue of a writ of fieri facias in satisfaction of a judgment, or by virtue of a writ of seizure and sale in executory proceedings of a court having jurisdiction, cannot be affected by a reversal of the judgment on a devolutive appeal. On the contrary, the taking of a devolutive appeal implies the right to have the judgment appealed from executed and the obligation to refund. Citizens’ Bank of Columbia v. Bellamy Lumber Co., 140 La. 497, 73 So. 308; Jefferson v. Gamm, 150 La. 372, 90 So. 682.
 

 After an order of seizure and sale has been fully executed by the seizure and sale of the property, it becomes functus officio, and, as such order adjudicates nothing, no appeal is allowable from same.
 

 For these reasons, we cannot consider in the present ease the validity of the sale made under the order.
 

 The appeal is therefore dismissed at the cost of appellant.
 

 [1]
 

 158 La. —.