(104 So. 123)

No. 25900.

## MOUNTZ v. DYER et al.

(March 30, 1925. Rehearing Denied April 27, 1925.)

*(Syllabus by Editorial Staff.)*

Appearance &⇒24(5)—**Party moving for devolutive appeal waives objections to service of notice in executory process proceedings.**

Party, who appears for purpose of moving for and obtaining a devolutive appeal in executory process proceedings, waives right to contest manner and form of service of 3 days' notice, especially where motion for appeal is not restricted to matters relating to notice, but is leveled against the executory proceedings; and dismissal of devolutive appeal does not alter this rule.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Action by L. J. Mountz against F. L. Dyer and others. From a judgment of dismissal, plaintiff appeals. Affirmed.

See, also, 157 La. 316, 102 So. 413.

C. H. Lyons, of Shreveport, for appellant.
Wilkinson, Lewis & Wilkinson and Charles H. Blish, all of Shreveport, for appellees.

ROGERS, J. This is an action in nullity, in which the plaintiff seeks to set aside an order for executory process and to annul the sheriff's sale made thereunder.

The suit was instituted against the plaintiff in executory process, who became the purchaser at the sale, and certain other persons holding title to the property by mesne conveyances from said purchaser.

Only two of the defendants (vendees of Dyer) appear to have been cited, and they filed exceptions of no right or cause of action, which were sustained, and plaintiff's suit was dismissed as to them. From this judgment of dismissal plaintiff has appealed.

Plaintiff attached to and made part of his petition in the present suit the entire record in the executory proceedings, and alleged numerous grounds of attack against said proceedings.

The judge below assigned no written reasons for his judgment, but we are informed by the briefs filed on behalf of the parties that he sustained the exceptions on the ground that the defendant in the executory proceedings (plaintiff in this suit) had taken a devolutive appeal in said proceedings.

In this court plaintiff has abandoned all his grounds of attack save one, which is:

"That the facts justifying the appointment of a curator ad hoc to represent L. J. Mountz in said proceedings, were not alleged in said petition for executory process, and the proceedings and attempted sale held thereunder were had contradictorily with a curator ad hoc erroneously and illegally appointed, that petitioner was never legally cited in said proceeding, and that said executory process and proceeding had thereunder were not carried on contradictorily with petitioner in the manner and form prescribed by law."

Defendants' answer to this contention is that no citation is required in executory process; that the question of whether plaintiff was properly served with the three days' notice, required in said proceedings, was removed from the case when plaintiff volun-

tarily appeared and took a devolutive appeal from the order and proceedings in the foreclosure suit.

An examination of the record in the executory process proceedings, which are made a part of plaintiff's petition, shows that, after the sale had been made, and subsequent to the purchase of the property by some of the defendants, the defendant in said proceedings (plaintiff in this suit) moved for and perfected a devolutive appeal to the court of appeal for the second circuit, on the ground that he was "aggrieved by the proceedings * * * and the judgment rendered in allowing executory process to issue * * * and the sale of the property * * * thereunder * * * in favor of plaintiff and against defendant," and "that the said proceedings and judgment is (are) contrary to the law and the evidence."

Subsequently, the appellant filed a motion in the Court of Appeal, and, on showing said court was without jurisdiction ratione materiæ, obtained an order to have the appeal transferred here. In this court the appeal was dismissed. See Dyer v. Mountz, 157 La. 316, 102 So. 413.

We think that when plaintiff here appeared in court for the purpose of moving for and obtaining a devolutive appeal in the proceeding by executory process, he waived his right to contest the manner and form of the service of the three days' notice. It is to be observed that his motion for appeal was not restricted to the question of the absence of notice, or the want of, or defect in, the service of the notice, but it was leveled, in general terms, against the executory proceedings, judgment and sale.

"An appearance will be presumed general so as to give the court jurisdiction of the person where the record fails to show that it is otherwise. If a restricted appearance is intended, it must be accompanied by some statement to that effect. Where a party appears in court by motion to object to the jurisdiction of the court over his person, he must state specifically the grounds of the objection; by not stating them his appearance will be construed as general, although he moves to dismiss on that ground." 4 C. J. 1318.

Moreover, it has been held that the taking of a devolutive appeal implies the right to have the judgment and order appealed from executed and the obligation to refund. Citizens' Bank of Columbia v. Bellamy Lbr. Co., 140 La. 497, 73 So. 308; Jefferson v. Gamm, 150 La. 372, 90 So. 682; Dyer v. Mountz, 157 La. 316, 102 So. 413.

On said appeal the appellant was in a position to raise any and all questions arising from such defects as were patent on the face of the record. The legal situation is not altered because the appeal was dismissed. Appellant selected his remedy, and he was before the court of his own motion, and was cast for the costs of the appeal. By his own act he recognized the jurisdiction of the court.

For the reasons assigned, the judgment appealed from is affirmed.