## No. 2356
### Second Circuit Appeal

---

## H. D. CHANDLER v. OIL FIELDS GAS COMPANY, INCORPORATED

(June 30, 1925, Opinion and Decree)
(July 11, 1925, Rehearing Granted.)
(October 20, 1925, Compromised)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Master and Servant—Par. 160 (e), 160 (l).**

Where an injured employee suing under the Workmen's Compensation Law, Act No. 20 of 1914, asked for compensation for 400 weeks but received a judgment for 125 weeks he does not by accepting weekly compensation after the judgment thereby acquiesce in this judgment.

(Code of Practice, Art. 567 does not apply. Editor's note.)

### ON THE MERITS.

2. **Louisiana Digest—Master and Servant—Par. 159, 159 (a), 160· (j).**

Where the evidence shows that the injured employee suing for compensation under the Workmen's Compensation Law, Act No. 20 of 1914, was so injured that he cannot walk on his foot without the use of crutches· he can recover compensation under Section 8, Subsection 1 (b) as for injury producing permanent total disability during the period of disability not exceeding 400 weeks.

3. **Louisiana Digest—Master and Servant—Par. 154, 159, 159 (a).**

The clause in Section 8, Subsection 1 (d) of the Workmen's Compensation Law, Act No. 20 of 1914, which states that

"The permanent total loss of the use of a member shall be equivalent to the amputation of a member," does not apply where the employee is so injured that he is totally disabled to ·do work of any reasonable character. In that case Section 8, Subsection 1 (b) applies.

(The recent amendment of Section 8 of Act No. 20 of 1914, is Act No. 216 of 1924, Editor's note.)

Appeal from First Judicial District Court of Louisiana, Parish of Caddo, Hon. E. P. Mills, Judge.

This is a suit for compensation under the Workmen's Compensation Law, Act No. 20 of 1914, Act amended by Act 43 of 1922, brought by an injured employee for compensation.

There was judgment for plaintiff and plaintiff appealed.

Judgment increased and affirmed.

Huey P. Long, of Shreveport, attorney for plaintiff, appellant.

John B. Files, of Shreveport, attorney for defendant, appellee.

CARVER, J. Plaintiff sues for ·compensation under the Workmen's Compensation Act (Act No. 20 of 1914, as amended by Act No. 43 of 1922).

He alleges total disability and claims $18.00 per week during disability., not exceeding 400 weeks, under clause (b) of Subsection 1 of Section 8.

This clause reads as follows:

"For injury producing permanent total disability to do work of any reasonable character, sixty per centum of wages during the period of disability, not, however, beyond four hundred weeks."

He appeals from a judgment awarding him $18.00 a week during. disability, not to exceed 125 weeks.

Previous to the time of trial he had received $108.00, being six months' compensation, for which the judgment gives credit.

In this court the defendant moved to dismiss the appeal on the ground that plaintiff had acquiesced in the judgment of the lower court by receiving compensation of $18.00 per week up to June, 1925.

It is admitted by counsel for plaintiff that he did demand and receive compensation as fixed in the judgment prior and subsequent to the time the appeal was taken, though it is not stated in the admission how much compensation was received since the judgment was rendered.

## ON MOTION TO DISMISS

On the authority of Kittridge vs. Grau, 158 La. 154, 103 South. 723, we think the motion to dismiss must be overruled.

In that case plaintiff sued to be declared the owner of certain stock and, in the alternative, for a money judgment for the value of the stock. They obtained judgment in the lower court for twenty-eight hundred and odd dollars, which was less than they claimed. They took an appeal, which they characterized as both a suspensive and a devolutive appeal. After the time allowed for taking a suspensive appeal had expired, defendants filed an answer to plaintiff's appeal, praying that the judgment be amended by reducing the amount to sixteen hundred and odd dollars. Thereafter plaintiff's attorney had the judgment of the lower court recorded in the mortgage office. Defendants moved to dismiss the appeal on the theory that the recording of this judgment was an execution of it and therefore an acquiescence in it.

The court overruled the motion to dismiss, pointing out that Article 567 of the Code of Practice, which provides that the party against whom a judgment has been rendered cannot appeal if he has acquiesced in same by executing it voluntarily was founded expressly upon the theory of acquiescence and that plaintiff had not acquiesced in the judgment of the lower court so far as it was against him by recording the judgment awarding him part of what he claimed in the alternative.

In this case plaintiff is claiming $18.00 per week for 400 weeks. We do not think that his acceptance of $18.00 per week as time goes on is an acquiescence in the judgment limiting his right to 125 weeks.

Counsel for appellee seeks to differentiate this case from the Kittridge case by saying that in that case the appeal was from the judgment only insofar as it rejected their demands, whereas in this case the appeal is from the judgment generally.

It is true in the Kittridge case the court says:

"The plaintiffs in this case appealed from the judgment only insofar as it rejected their demand."

We do not understand this to mean, though, that in their appeal the plaintiffs specified that it was from the judgment so far as it rejected their demand but only that that was the logical effect of the appeal which was taken.

Counsel for appellee cite the case of Mountz vs. Dyer, et al., 158 La. 383, 104 South. 123.

We do not think this case in point. The question there was not one of acquiescing in a judgment but one of contesting in an action of nullity the jurisdiction of the court ordering executory process in a previous suit after the appearance in said previous suit for the purpose of appealing from the order decreeing executory process, said appearance being general and not limited to questioning the court's jurisdiction.

The motion to dismiss is overruled.

## ON THE MERITS

The only evidence in the case is the testimony of the plaintiff himself.

He testified that on April 30, 1924, he received an injury to his ankle in an accident arising out of and in the course of his employment with the defendant. He says his ankle was broken just at the joinder of his instep with the leg and in two places above there.

The trial was had on October 15, 1924, up to which time, he says, he had not been able to work.

He also says that it pains him, that he cannot walk on it, that he has to use crutches, and that he cannot bear to put anything on it. He says that if he puts his weight on it and walks, it seems to hurt all through his leg. He says he can get about on his crutches but cannot turn them loose and do anything.

Without detailing the injury any further, it is sufficient to say that the appellee does not really dispute the disability. His sole argument is that the applicable clause of the compensation act is the one reading:

"The permanent total loss of the use of a member shall be equivalent to the amputation of a member."

Under which plaintiff would only have the right to sixty per centum of wages during 125 weeks as for the loss of a foot.

It is true that the evidence does show total loss of the use of the foot, but it also shows a good deal more than this. We are satisfied that the condition of his foot does, as he claims, render him totally disabled to do work of any reasonable character. If it does, then clearly either Clause (a) or Clause (b) of Subsection 1 of Section 8 is applicable. If the clause contended for by appellee was also applicable then the court would be required to determine which of two equally applicable clauses should be actually applied. In such case it would not be consistent with the jurisprudence requiring an interpretation liberal to the employee to apply that clause giving the lesser compensation.

We think, however, that the clause contended for by appellee is not applicable because that clause, in our opinion, only applies where the injury is limited to a total loss of the use of a member.

As pointed out above, though, it is not so limited in this case. He has not only lost the use of a member but it is in his way, causes him pain and hampers him in his needful activities. To say that everything is to be ignored except the fact of the loss of the use of the foot seems to us unwarranted in reason.

Although the judgment of the lower court, as signed, only gives compensation during disability, not exceeding 125 weeks, we think the intention was to give it for 125 weeks fixed, as for the loss of a foot. The minute entry seems to support this view.

We are constrained, though, to differ from our learned brother of the lower court and to hold that inasmuch as the injury has resulted in total disability compensation should be awarded on that basis; as the disability had not ceased at the time of the trial and as it would be purely speculative on our part to indulge in any opinion as to when, if ever, it will cease; and as after a year from the time the judgment becomes operative the defendant will have the right to review the judgment, we think it proper to apply Clause (b) of Subsection 1 of Section 8 quoted above.

For these reasons it is ordered, adjudged and decreed that the judgment of the lower court be amended by decreeing plaintiff entitled to compensation of $18.00 per week during disability, not exceeding 400 weeks, subject to the credit of $108.00 allowed in the judgment of the District Court, and subject, also, to whatever com-

pansation he has received beyond the $108.00 so credited, each weekly payment to bear interest at the rate of 5% per annum from its maturity until paid. Defendant to pay the costs of both courts. And as thus amended the judgment appealed from is affirmed.