## No. 2087.

### Second Circuit.

### BRINKERHOFF v. RUSS, ET· AL.

(March 11, 1926, Opinion and Decree)

*(Syllabus by the Editor.)*

## ON MOTION TO DISSOLVE

**1. Louisiana Digest—Attachment—Par. 48.**

In an attachment under Article 242 of the Code of Practice where the amount claimed in the petition is based upon the assumption that the value of portion of the tract from which the plaintiff was evicted was proportionately equal to the value of the whole was a sufficiently certain basis to fix the amount of the debt.

**2. Louisiana Digest—Attachment—Par. 3, 69.**

In an attachment under Article 240 of the Code of Practice, if the sheriff was authorized to take possession of the defendants' property under the writ, it would make no material difference as to what name was given to his act so long as it could be determined by references to the proceedings in the suit under which the officer was authorized to seize the defendant's property would determine. the nature of the act of writ.

## ON THE MERITS

**3. Louisiana Digest—Evidence—Par. 58, 59.**

The burden of proof is on the defendants to show that the value of the land

from which plaintiffs were evicted was less than would appear from a comparison of the acreage sold with the price paid.

**4.   Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court as to the value of land, a matter of fact, being eminently correct, is affirmed.

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Red River. Hon. J. W. Jones, Jr., Judge.

Action in warranty by Z. K. Brinkerhoff against Mrs. Ella C. Russ, et al., and writ of attachment.

Curator ad hoc appointed to represent the absentees.

Judgment for plaintiff and defendant appealed.

Judgment affirmed.

A. P. Garland and C. H. Blish, of Shreveport, attorneys for plaintiff, appellee.

Nettles & Bethard and Stephens & Cagle, of Coushatta, attorneys for defendants, appellants.

WEBB, J.   This is an action in warranty in which the plaintiff asks to recover judgment against defendants for the value of a part of a plantation purchased by plaintiff and from which he was evicted.

The plaintiff alleges the purchase of the property, which contained 706.8 acres, and the eviction from 80 acres; that the total consideration paid for the entire tract was eight thousand dollars, or an average price of eleven dollars per acre, and that the defendants were indebted unto him in the sum of nine hundred and four and 80-100 dollars, the value of the tract from which he was evicted.

He further alleged that the defendants were non-residents and prayed for an attachment to issue against them, and for service to be made upon a curator ad hoc to be appointed to represent the absentees.

An order was obtained for the issuance of the writ and for the appointment of a curator ad hoc to represent the defendants, and following proper service was made, and the sheriff seized property belonging to the defendants within the jurisdiction of the court under process reading as follows:

"No. 4707.

"In Eleventh District Court.

"Red River Parish, La.

"Zach K. Brinkerhoff vs. Mrs. Ella C. Russ, Et Al.

"The State of Louisiana.

"To W. H. Elliott, the Sheriff of the Parish of Red River, Greeting:

"Whereas due proof has been made by Zach K. Brinkerhoff that Mrs. Ella C. Russ, W. B. Russ, Mary Alma John, Ella C. Light, A. M. Russ, Leon F. Russ, Carlton C. Russ and Semp Russ is indebted unto said Zach K. Brinkerhoff in the sum of nine hundred and four and 80-100 dollars ($904.80) with legal interest thereon from judicial demand until paid, and that the said Mrs. Ella C. Russ, et al., has mortgaged, assigned or disposed of or is about to mortgage, assign or dispose of their property, rights and credits, or some part thereof, with intent to defraud their creditors, or give an unfair preference to some of them, and that they have converted, or are about to convert, their property into money or evidences of debt with intent to place it beyond the reach of their creditors.

"Now, therefore, you are hereby commanded to seize and take into your possession the lands, tenements, goods, chattels, moneys, effects and credits of the said Mrs. Ella C. Russ, W. B. Russ, Mary Alma John, Ella C. Light, A. M. Russ, Leon F. Russ, Carlton C. Russ and Semp Russ, if any you find in said parish, to the amount of what will

suffice to discharge the said debt and cost of the said suit; and that you give notice of this proceeding, and make return of this writ, stating the manner in which you have executed the same before our said court, on the first day of our next term thereof.

"Witness the Honorable Jas. W. Jones, Jr., judge of our said court, this 19th day of January, 1922.

(Signed) "J. M. SGULL,
"Clerk Eleventh District Court."

On which writ the following return was made.

"Received this original, together with a certified copy on the 19th day of January and on the 23rd day of January, 1922, executed same by seizing and taking into my official possession the following described property, to-wit: West half (W½), Section 21, Township 12, Range 10, of Red River Parish, Louisiana. I also served notice of seizure on Henry Bethard, curator ad hoc for Mrs. Ella C. Russ, et al., in person on January 25, 1922.

(Signed) "C. R. MATTHEWS,
"Deputy Sheriff."

Sheriff's cost:
Executing writ of attachment............$2.00
Mileage, 4 @ .07 _____ .28
Notice of seizure _____ .50
                                        _____
                                        $2.78

The defendants, through their attorneys, by motion and amendments thereto, moved to dissolve the attachment on the following grounds:

1. That plaintiff in the petition by which he obtained the writ of attachment herein contained did not demand of exceptors a certain and specific sum of money or evidence of money equivalent thereto, nor did he state clearly and concisely that exceptors were indebted unto him in any amount, but. merely averred in paragraph "V" of his petition that he was entitled to recover of your exceptors, and each of them, the aggregate sum of $904.80, and did thereby only disclose a mere cause

of action and not an absolute and certain debt as required for the issuance of attachments by Article 242 of the Code of Practice of Louisiana.

2. Further, that the proper time for plaintiff to have proceeded as he has done in this instance was at the institution of the suit * * * by which plaintiff claims he was evicted, and that by not calling exceptors in warranty plaintiff has not been vigilant, but negligent, and thereby his cause of action has been reduced to a mere personal demand for an uncertainty.

3. That the reasons and facts set forth in the so-called writ of attachment herein issued and under which said property was seized is untrue, unfounded in fact and law, and that the said writ of attachment should be dissolved.

4. That the pretended writ of attachment issued herein is null, void and without effect for the reason that the verbiage, allegations and statements therein recited and made do not show it to be a writ of attachment, and further, that no designation whatever in the said pretended writ is made to set apart and designate it as a writ of attachment or sufficient to give the sheriff authority to attach the property herein, and that any purported attachment of the property herein was made and done without authority and for no specific purpose and under no specific writ or process of law.

The defendants prayed for damages, attorney's fees, in their motions to dissolve.

The motions were referred to the merits by the court without objection by the defendants, and following the defendants, reserving all rights in their motions to dissolve, answered, alleging that the property was not sold on an acreage basis but for a lump sum, and that the portion of the

tract from which the plaintiff was evicted was of comparatively little value as compared to the balance of the tract, and that it was not worth anything approximating the amount claimed by plaintiff.

The judgment of the district court was in favor of the plaintiff, granting him judgment for four hundred dollars, maintaining the writ of attachment with recognition of privilege and ordering the property sold, and defendants appealed.

## OPINION

### MOTION TO DISSOLVE

The defendants urge in this court the motions to dissolve and that the judgment was excessive.

Considering the grounds on which the motions to dissolve were made in their order:

(1) Article 242, Code of Practice, provides that "the property of a debtor may be attached * * * in order to secure the payment of a debt, whatever may be its nature, whether amount be liquidated or not, provided the creditor * * * who prays for the attachment state expressly and positively the amount which he claims", and it certainly cannot be said that the plaintiff has failed to state the amount claimed by him to be due.

While it is true that the amount claimed to be due is shown by the petition to be based upon the assumption that the value of the portion of the tract from which plaintiff was evicted was proportionately equal to the value of the whole, yet the assumption is based on the law (Lockwood Oil Company vs. Atkins, 158 La. 612, 104 South. 386, and authorities cited), and we think that this was a sufficiently certain basis to fix the amount of the debt (Singer Mfg. Co. vs. Johnson, 134 La. 590, 64 South. 479).

(2) This appears to be based upon the same reasons as the first insofar as it may relate to the attachment, and is not urged on the merits.

(3 and 4). The grounds for the dissolution of the attachment set out here are based upon verbiage of the order issued to the sheriff under which he took into his possession the property of the defendants, the court's attention being especially directed to the fact that the writ does not designate the order, warrant or writ as a "writ of attachment" and that the causes for issuance of the writ are those set forth in paragraphs four and five of Article 240, C. P., and not the "non-residence of defendants", as alleged in the petition.

The defendants urge that the writ not being designated "writ of attachment" and not directing the sheriff to "attach" and the allegations contained in the writ being untrue, that the attachment fell, citing Corpus Juris, vol. 6, page 189, the following:

"A material variance between the writ, affidavit and pleadings, either as to the grounds, cause of action or description of the property, is fatal if the objection is raised."

The defendants having appeared in person, no question can be raised as to the jurisdiction of the court. (Mountz vs. Dyer, 158 La. 383, 104 South. 123; Dawson vs. Frazier, 150 La. 210, 90 South. 570; Elder & Davis vs. Ludeling, 50 La. Ann. 1077, 23 South. 929; and conceding that the objections were not also waived, it appears that they should be viewed as if made in an incidental attachment.

Our law does not provide the form in which the writ of attachment shall be drawn, as it may in some other jurisdictions, and it has been said, "it is dangerous to employ analogies drawn from the sys-

tems of the other states in the construction of our attachment laws * * * except with the greatest caution and after thorough examination of their most remote consequences". (Cross, Pleading, page 177.)

If the sheriff was authorized to take possession of the defendants' property under the writ, we do not think that it would make any material difference as to what name was given to his act, or if the question of determining whether he "attached" should be material, we think that it could be determined by reference to the proceedings in the suit under which the officer was authorized to seize the defendants' property; there is no question as to the officer having taken possession of the property, and we do not think that the failure of the clerk who issued the writ to name it or to correctly state the grounds upon which the court had granted the order for the issuance of the writ invalidated the seizure.

As to the plaintiff, the writ of attachment issued by the clerk was certainly no part of the pleadings; in a manner he had nothing whatever to do with it further than to prove on the date of the trial that the property of the defendants was under the control of the court through its officer.

### MERITS

On the merits, as to the value of the land from which the plaintiff was evicted, as compared to the value of the entire tract purchased by him, and fixed by the price paid at that time, the evidence submitted by the defendants tends to show that it had very little comparative value or a value not above two and 50-100 dollars per acre, while the evidence of the plaintiff tends to show that it was worth about eleven dollars per acre.

The evidence shows that the tract contained several hundred acres, consisting of approximately four hundred acres in cultivation and the balance in woodland and alluvion, the latter being referred to as sand-bar.

The land appears to be alluvial; the burden of proof was upon defendants to show its value, if less than that which would appear from a comparison of the acreage sold with the price paid, and we are of the opinion that under the evidence the value of five dollars per acre placed upon the property by the court was not too great.

The judgment is affirmed.