No. 2685

Second Circuit

---

COBB v. GILLILAND OIL COMPANY

---

(June 30, 1926, Opinion and Decree)

---

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Master and Servant —Par. 159.**
Where the evidence in a Workmen's Compensation case under Act No. 20 of 1914 clearly shows that the disability is permanent up to the time of the trial, the court will grant judgment as for total permanent disability compensation to be paid for a period not exceeding four hundred (400) weeks.

Appeal from the Second Judicial District Court of Louisiana, Parish of Claiborne, Hon. John S. Richardson, Judge.

Action by John M. Cobb against Gilliland Oil Company. There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Long and McSween, of Shreveport, attorneys for plaintiff, appellee.

Smitherman, Tucker and Mason and Alex. F. Smith, of Shreveport, attorneys for defendant, appellant.

WEBB, J. This is an action under the Employers' Liability Act, in which plaintiff seeks to obtain judgment for compensation for permanent total disability at the rate of twenty dollars per week for the period of disability not exceeding four hundred weeks.

On trial, judgment was rendered in favor of plaintiff for compensation at the weekly rate claimed for the period of disability, not to exceed three hundred weeks.

The defendant appeals, and plaintiff has answered the appeal asking that the judgment be amended and that the period of weekly payments be increased so as to fix the same for the period of disability not to exceed four hundred weeks.

## OPINION

The injury which the plaintiff claims to have received occurred on the 3rd or 4th day of December, 1925; suit was filed

on February 1, 1926; and trial had in the district court on March 8, 1926.

The plaintiff testified that, while he was engaged in the employment of defendant as a "roustabout" or general manual laborer on one of the oil wells operated by defendant, a tool, "crumby tongs", which he and his co-laborers were using in pulling the tubing from the well, was thrown against his body, striking him on the hip, causing him considerable pain at the time and finally, within a short time, resulting in crippling him to such an extent as to disable him from doing any work of a reasonable character.

There does not appear to be any dispute as to the wages which plaintiff was receiving at the time of the alleged injury, and the only evidence as to his disability to do any work of a reasonable character is that of plaintiff, who states he is unable to do any work, and the opinion of one of the physicians who examined him at the time of the trial, who stated that plaintiff was unable to do any physical labor, and as we understand the only contention made by defendant is that the preponderance of the evidence does not show that plaintiff was injured as he claimed to have been and that the injury was the cause of his disability.

At the time plaintiff claims to have been injured, there were four persons, including plaintiff, engaged in working on the derrick floor, three of whom, including plaintiff, testified that plaintiff was struck by the "crumby tongs" during the process of pulling the tubing from the well, while the other, who was the foreman or head "roustabout" testified that he did not have any recollection of the incident.

The same witnesses who testified as to plaintiff having been struck by the "tongs", also testified that there was a small bruised place on the plaintiff's hip at the close of the day, and plaintiff's wife also testified that there was such a bruised place on plaintiff's body when he returned home, while the foreman testified that there was not any bruised place on plaintiff's body.

There is some conflict between the witnesses, which, however, relates to minor matters, and can be readily accounted for without affecting their credibility, and we are of the opinion that the preponderance of the evidence establishes that plaintiff was struck by the "tongs", as he claims to have been, which fact was found by the trial court who heard and saw the witnesses.

As to whether the injury was the cause of the plaintiff's disability, the record establishes that plaintiff's posture when standing or walking is apparently that of one afflicted with curvature of the spine, but an x-ray did not reveal any fracture or displacement of the bones, and the opinion of the physicians who examined plaintiff was that there was some contraction of the muscles which caused the body to be distorted, and that in the course of time if the contraction of the muscles continues, the bones of the spine will become displaced and a true curvature of the spine will result.

The plaintiff testified that on the night following the accident he suffered continuously, and that in about three days after the accident his body became distorted and had continued in the same condition, causing him to continuously suffer, and Doctor Sanderson, who examined the plaintiff, stated that accepting the statement of the plaintiff as to the history of the case, he was of the opinion that the injury was the

cause of the condition under which plaintiff laborered, although we gather from the testimony of Doctor Sanderson that the disability of the plaintiff, or the contraction of his muscles, could have resulted from other causes, but that no examination or tests had been made by him, which would enable him to express an opinion.

As we view the record, it appears that plaintiff, who was about thirty-two years of age, and had been in good health, able to do hard manual labor, received a blow on his hip which caused a bruised place to appear on his body; that it caused him to suffer during the night, and continuously since, and in a very short time his body became distorted and has continued in the same condition for several months, and we are of the opinion that in default of any evidence showing a pathological condition from which the condition could be said to have resulted, the presumption must be that the blow was the cause of the contraction of the muscles.

As to the period at which disability should be fixed, the only facts shown by the record which could have any bearing on this question was the age of the plaintiff, thirty-two years, the nature of the injury, a contraction of the muscles, and the period during which the disability had existed, from December, 1925, to March, 1926, a period of three months.

The question presented has been considered by this court in several cases.

In Connell vs. Gilliland Oil Co., 2 La. App. 435, where a young man, under majority, had received an injury which had affected the muscles of his back on August 21, 1924, and which had disabled him from doing any work of a reasonable character, which disability had continued to the date of the trial on January 29, 1925, the court

said, with relation to whether or not the evidence showed the disability to be temporary or permanent within the meaning of the statute:

"We must decline to enter into this inquiry. To do so would be to assume the functions of prophets, for which we are neither authorized by law nor qualified by nature. If in any case of still continuing total disability we could from the testimony of medical experts in the record, form any opinion of our own as to how long disability would last, we could not do so in the case, which is totally lacking in such evidence."

In Chandler vs. Oil Fields Gas Co., 2 La. App. 778, where the plaintiff's ankle had been broken on April 30, 1924, totally disabling him from doing any work of a reasonable character, which disability had continued for several months and to the date of the trial, it was said:

"As the injury has resulted in total disability, compensation should be awarded on that basis; as the disability had not ceased at the time of the trial and as it would be purely speculative on our part to indulge in any opinion as to when, if ever, it will cease, and as after a year from the time the judgment becomes operative the defendant will have the right to review the judgment, we think it proper to apply clause (b) of subsection 1 of section 8."

In Price vs. Gilliland Oil Co., 3 La. App. 175, where the plaintiff's ankle had been broken on November 25, 1924, causing total disability to do work of any reasonable character, which disability had continued to the date of the trial, on May 26, 1925, the court said:

"Where a condition of total disability at the time of the trial is shown which is likely to continue for a considerable length of time, we think the purposes of justice demand that the matter be left for time to determine. In case the total disability does cease, defendant can avail itself of the

right granted by the statute to review the judgment."

In Hutchinson vs. Louisiana Central Lumber Co., 3 La. App. 413, where the plaintiff, a man of sixty years of age, had received a fracture of the hip, which had produced total disability to do work of any reasonable character, the court said:

"We have decided in several cases that when the condition of the injured workman at the time of the trial was one of total disability, which was likely to last a long period of time, we would not venture on prediction as to when his condition would change to one of partial disability or freedom from all disability, but would leave this to be determined by the event."

While these expressions were used strictly with reference to the facts developed in the cases decided, and cannot be said to have announced a rule that in all cases where the injury has produced total disability to do any work of a reasonable character and such disability has continued for a period of some months, down to the date of the trial, the period of disability should be fixed under clause (c) rather than under clause (a) of subsection 1 of section 8 of the statute, we are of the opinion that the decisions cited establish a precedent that where such facts appear the period of compensation will be fixed during the period of disability, not to exceed four hundred weeks, unless there be some other fact established or evidence produced which shows that the disability should be held to be temporary.

In the present instance, there is no evidence which enables us to depart from the precedents, and we are of the opinion that the judgment should have fixed the period of the weekly payments during the period of disability, not exceeding four hundred weeks; and it is ordered, adjudged and decreed that the judgment appealed from be amended so as to fix the period of the weekly payments during the period of disability, not exceeding four hundred weeks, and as thus amended, that the judgment be affirmed.