**BRAZIER v. LANCELOT LODGE NO. 38, KNIGHTS OF PYTHIAS.**

**No. 1824.**

Court of Appeal of Louisiana. First Circuit.

May 5, 1938.

Walter Lemann, of Donaldsonville, for appellant.

George R. Blum and Sam A. LeBlanc, Jr., both of Donaldsonville, for appellee.

SACHSE, Judge ad hoc.

Argument in the present case was consolidated with argument in the case of Brazier v. Pride of Donaldsonville Tabernacle No. 40, La.App., 180 So. 874, this day decided.

The issues raised by this case differ from the issues of the Pride of Donaldsonville Tabernacle No. 40 Case only in the following particulars:

Brazier, the plaintiff, was also the chief officer or Chancellor Commander of the defendant organization and Thomas H. Tasker was the Vice Chancellor Commander.

Brazier caused the defendant to be served through himself and also through the Vice Chancellor Commander. Counsel for appellant points out that Brazier could not represent himself as plaintiff and the association as defendant at one time. While this seems to follow logically enough, it should also be noted that the mere fact that he held office in the defendant organization should not deprive him of his right to collect whatever might have been justly due to him by the association. He caused the second ranking officer to be served. The citation served upon Tasker in no way suggests that service was also being made in some other way, and so it does not appear that Tasker was in any sense lulled into inaction by the mistaken belief that another would come to the defense of the association. We think, therefore, that the association was duly served and cited and cannot properly claim that it has been deprived of its property without due process of court. We therefore must also overrule the plea of unconstitutionality filed in this case.

The plea of prescription also filed in this case must likewise stand or fall upon the allegation that the association had "repeatedly from March 1, 1933, up to the present time" admitted the indebtedness and promised to pay. We cannot, of course, know the nature of the proof offered on this score, but in the absence of some affirmative showing that the court acted without evidence or without sufficient evidence, we feel

constrained to affirm the judgment of the district court.

It is therefore ordered that the judgment appealed from be affirmed, at appellant's cost.

DORE and OTT, JJ., concur.

LE BLANC, J., recused.