## BRAZIER v. PRIDE OF DONALDSONVILLE TABERNACLE NO. 40.

### No. 1823.

Court of Appeal of Louisiana. First Circuit.

May 5, 1938.

Walter Lemann, of Donaldsonville, for appellant.

George R. Blum and Sam A. LeBlanc, Jr., both of Donaldsonville, for appellee.

SACHSE, Judge ad hoc.

Plaintiff, John S. Brazier, filed suit on December 9, 1936, against the defendant, Pride of Donaldsonville Tabernacle No. 40, on an open account running from April 3, 1931, to March 27, 1934, aggregating $151.10 upon which he alleged that $10 had been paid on December 5, 1935. He alleged that the defendant is an unincorporated association consisting of members too numerous to serve, and therefore asked for service upon the "head officer," R. B. Jones, as provided by Act No. 170 of 1918. The account attached to the petition shows that all items on it had been purchased more than three years before the suit was filed, except items which aggregate $13.15, and so all but that amount had prescribed unless such prescription was interrupted or waived by the payment of $10 on December 5, 1935, or by virtue of an admission of and promise to pay the indebtedness which is alleged in paragraph 7 of the petition.

Service of citation was had upon the defendant through R. B. Jones, worthy superior, and in due course, a preliminary default was taken and confirmed. There is no note of evidence in the record, but

the judgment recites in the customary manner that there was due proof in support of plaintiff's demands and that the law and the evidence were in favor thereof.

A devolutive appeal has been taken, and the defendant contends:

(1) That Act No. 170 of 1918 is unconstitutional if held to be applicable to the case at bar because there was no proof that defendant was in fact an existing association with members too numerous to serve.

(2) That the record shows on its face that the claim sued upon had prescribed.

(3) That the judgment is contrary to the law and the evidence.

Counsel for appellee contends that the plea of unconstitutionality filed by appellant cannot be heard because it is urged for the first time in this court. This is generally true, but we do not think this rule of law can be applied to the present case. If Act No. 170 of 1918 is indeed unconstitutional, then the defendant and appellant was never properly cited and the judgment would be null for that reason; and we think it clear that on an appeal it can be urged that the judgment appealed from is null for want of citation, which want appears on the face of the record.

"The want of citation is a cause of nullity, which may be urged on appeal. C. P. 605." Joseph Shannon, Administrator, v. N. G. Goffe, 15 La.Ann. 86.

This court gave application to that doctrine in the recent case of Item Co., Limited, v. St. Tammany Hotel et al., 175 So. 421, where the citation, made as if upon a commercial partnership, was considered as apparently defective where the pleadings showed that the suit was against a firm operating a hotel as an ordinary partnership.

Counsel for appellee also contend that by appearing in the lower court and asking for a devolutive appeal without restricting that appearance to an attack on the legality of the service of citation, and without setting up the nullity of the judgment on that ground, the defendant has waived its right to question the legality of the judgment on appeal for want of citation, and counsel cite Mountz v. Dyer et al., 158 La. 383, 104 So. 123. We think, however, that the basis of attack here is different, that it is aimed at want of cita-

876

tion; if there was no citation, there was no valid judgment, and we think its nullity could be asserted at any time and anywhere.

It will be observed, however, that this asserted want of citation depends upon the unconstitutionality of Act No. 170 of 1918, and that this asserted unconstitutionality of the act is not based upon any inherent defect in the act, but in its asserted inapplicability to the case at bar, which in turn depends upon appellant's contention that the plaintiff was bound to prove that defendant was an existing unincorporated association with members too numerous to serve and that the officer served was the chief officer of the association.

It is to be noted that there is no note of evidence or statement by counsel for plaintiff or by the court as to what evidence was introduced upon the confirmation of default, nor does it appear that any such statement was requested by defendant.

■ We think it is well settled that when the trial court declares that due proof was produced in support of plaintiff's demands, this court must presume that statement to be correct. Such a presumption is not conclusive, and if a note of evidence or statement by counsel or court in lieu thereof shows that as a fact sufficient proof was not made, this court may properly set aside the judgment of the trial court. If such a statement is duly requested by appellant and is not forthcoming, this court may properly remand the case for trial.

Reference is made to Hardy v. Blount, decided by this Court on October 3, 1935, 163 So. 186 wherein article 602 of the Code of Practice is referred to. This article provides: "When the deposition of witnesses have not been taken in writing in the inferior court, the party intending to appeal, or his advocate, must require the adverse party or his advocate, to draw, jointly with him, a statement of the facts proved in the cause, and this statement thus drawn and signed, either by the parties or their advocates, shall be annexed to the records, and a transcript of the same be transmitted to the Supreme Court."

Article 603 of the Code of Practice provides: "If the adverse party, when required to do so, refuse to join in making out the statement of facts, or if the parties cannot agree as to the manner of drawing the same, the court, at the request of either, shall make such statement according to their recollection of the facts, or from the notes they have taken of the evidence."

In the present case, there is nothing to rebut the presumption in favor of the judgment.

■ Assuming, then, without so deciding, that it was necessary for the plaintiff to offer proof that defendant association was in fact a going, existing institution at the time of the suit, that its members were too numerous to serve, and that R. B. Jones was the proper officer upon whom service should be made, we do not believe that we have the right to assume that such proof was not made merely because the plea of unconstitutionality so recites.

■ Referring now to the plea of prescription, we first point out that the mere recital in the account of a payment thereon cannot serve to interrupt prescription because nothing indicates that any balance had been struck previous to this payment, and we think that the most that can be said is that it would apply to the oldest items shown on the account.

There is, however, the recital that the indebtedness has been admitted and payment promised but not made.

■ Such an acknowledgment even if not in writing, would, we think, prevent the application of the prescription liberandi causa of three years.

See Bennett-Brewer Hardware Co., Inc., v. Wakeman, 160 La. 407, 107 So. 286, 287 where the Supreme Court said: "Under these codal provisions the mere verbal acknowledgment of an account or a verbal promise to pay the same is sufficient to interrupt the 3-year prescription running against it."

See, also, Betzer v. Coleman, 23 La. Ann. 785. "His statement that he never promised to pay it is irrelevant. It is the acknowledgment which interrupts prescription."

See, also, Michelin Tire Company v. Delcourt, 149 So. 313, decided by this Court on June 30, 1933.

■ We must observe that counsel for plaintiff noted that without such an acknowledgment, prescription would have accrued, and, having negatived this proposition by their allegations, we cannot as-

sume that they failed to support their petition with due evidence. This plea too is necessarily overruled.

The judgment appealed from is therefore affirmed at the cost of appellant.

DORE and OTT, JJ., concur.

LeBLANC, J., recused.