## No. 5407.

THE WORKINGMEN'S ACCOMMODATION BANK vs. GEORGE T. CONVERSE ET AL.

An association of persons can not claim a corporate existence under the free banking act, unless they shall have fulfilled the conditions precedent prescribed by that act.

No corporation organized under the general incorporation act is permitted to engage in the banking business.

No association of persons can appear in court *as a corporation*, unless organized as such, in strict accordance with law. Unless so organized it can only sue in the individual names of its members.

APPEAL from the Fifth District Court, for the parish of Orleans. *Cullom,* J.

*Hornor & Benedict,* for plaintiff and appellant.

*Hays & New,* for defendants.

The opinion of the court was delivered by

MANNING, C. J. The plaintiff sues as a corporation established under the act of the General Assembly of this State of 1855 (Revised Statutes of 1870, sections 275 *et seq.,*) authorizing free banking, and seeks to recover over eleven thousand dollars from George T. Converse and the sureties on his bond, given for the faithful performance of his duties as book-keeper and paying teller of plaintiff, which sum, it is alleged, Converse has applied to his own use.

Sundry exceptions were pleaded by the defendants, viz.: that the free banking act, under which plaintiff claims to be organized, does not provide for an association of individuals for the purpose of private banking, but only for the creation of public banks of circulation, controlled by the Auditor and Treasurer of the State, and that the organization of plaintiff was not made under that act, and could not be, but was made under another act providing generally how corporations can be created, which latter expressly prohibits such corporations from engaging in banking business of any kind. *Ibid,* section 677 *et seq.*

24

That the free banking act imposes certain essential conditions upon those who seek to form a corporation under it, and that plaintiff has not complied with those enumerated, which are, that there must be mention and description of a corporate seal, and plaintiff's articles of association omit it; that the existence of free banks is limited by that law to twenty years, and plaintiff's articles provide for twenty-five years duration; that these articles do not specify the numbers of shares held by each stockholder, which that law requires; that these articles were not deposited in the office of the Auditor, nor in that of the recorder of mortgages, and neither of these requirements can be dispensed with.

That the act under which plaintiff claims to derive its existence was inoperative at the time of its creation, because suspended by the act of Congress which authorized the issue of United States notes, and that neither at the date of its creation, nor at any other time, did plaintiff have any corporate existence, and therefore it could not, as a corporation, enter into a contract, or bind others by a contract.

There are other exceptions which cover all the distinctive features of the act, but it is not necessary to specify them further.

There can be no doubt that the plaintiff has mistaken its paternity. If it derives its existence from the free banking law, then it has not complied with the conditions which that law prescribes as essential to its vitality as a corporation, and those conditions are precedent. It does not begin to live until they are fulfilled. If it derives its existence from the general incorporation act, then it is without the power to engage in banking business, and it was while engaged in that business that it made the contract for the violation of which a judgment is now demanded against the defendants. It is impaled on either horn of the dilemma.

The plaintiff meets these objections with the rejoinder that the defendant, George Converse, accepted the position of paying teller from it, and is, therefore, precluded from denying its corporate capacity under the free banking law, and the other defendants became his sureties to a bond for the faithful discharge of his duties, and it does not lie in their mouths to dispute or deny an authority which they admitted to exist by signing the bond. But here the law interposes its inexorable mandate. Corporations unauthorized by law, or by an act of the Legislature, enjoy no public character, and can not appear in a court of justice, except in the individual names of all the members who compose them, and not as political bodies, although these corporations may acquire and possess estates and have common interests as well as other private societies. Civil Code, article 437, new No. 446.

The plaintiff can not, therefore, sue as a political body. It can not appear in a court of justice, except in the individual names of all the members who compose it. It has sued by a name and in a manner which it is not

empowered to do, and it has not sued in the names and manner in which it is empowered to do. It follows that the exceptions were well taken to the present action, but its right to institute another suit, such as the law does authorize, should be reserved. The lower court so ruled, and therefore

It is ordered, adjudged, and decreed that the judgment of the lower court is affirmed with costs.

---

### DISSENTING OPINION.

EGAN, J.   I dissent from the conclusions of the court in this case. I can not consider the article of the Civil Code which provides that corporations not authorized by law can not appear in court as a prohibitory law to the extent claimed for it. Nor can I give my consent to permit one who had dealt with the plaintiff as a corporation and given a bond for the faithful performance of his duties as an an officer of the corporation, and thus recognized its existence, to shelter himself under such plea from just responsibility incurred as such officer by reason of his own default and unfaithfulness. He and his sureties are estopped from denying the existence of the corporation, as such, as much as would have been the corporators themselves when sued as such. Such I understand to be the doctrine not only of the United States courts, but of our own, which have frequently held that one dealing with a corporation thereby admits its existence as such, and that no other evidence is required.

---

### ON APPLICATION FOR REHEARING.

The opinion of the court was delivered by

MANNING, C. J.   The plaintiff calls our attention to a decision of the Supreme Court of the United States, rendered about the time this cause was taken under advisement, in the case of Casey vs. Galli, where it is said:

"Where a shareholder of a corporation is called upon to respond to a liability, as such, and where a party has contracted with a corporation, and is sued upon the contract, neither is permitted to deny the existence or the legal validity of such corporation. * * * Parties must take the consequences of the position they assume. * * * Sound ethics require that the apparent, in its effects and consequences, should be as if it were real, and the law properly so regards it."

No one will dispute that this is a sound principle of law, as well as of ethics, in every jurisdiction which has not a prohibitory law of the kind and scope of ours. But when the Legislature has declared that corporations unauthorized by law can not appear in a court of justice in their

corporate name, we understand that courts must say to them, when they do so appear, that they can not be heard.

And sound ethics will not be abraded when the parties who thus shelter themselves behind this prohibition can be pursued by the individuals who compose the corporation when suing in their individual names. And that is what the Code permits—not only permits, but prescribes—that courts shall not hear their demand when appearing in any other capacity.

Rehearing refused.