No. 9338.

EDGAR HINCKS ET AL. COMMISSIONERS, ETC. VS. GEORGE T. CONVERSE ET ALS.

Exceptions to the corporate capacity of the Workingmen's Bank and to the official capacity of its liquidation are overruled.

The exception that the bank was not the owner of the claim sued on was matter of defense and properly cumulated with the merits.

The former decision in 29 Ann. 369, is *res judicata* on the questions that the former "Workingmen's Accommodation Bank," obligee of the bond herein sued on, was not a corporation, and that said claim was the property of the individual member of said concern.

No portion of the members could transfer the rights of the others without their consent, nor was the legislature competent to make such transfer

In order to maintain their action, plaintiffs must establish that the corporation under liqui-dation by them, owns, or represents the ownership of the stock in the concern. To the extent of the interest so established, they may maintain the action and recover their proportion of the total liability on the bond. This must be established by legal evi-dence such as suffices to prove title.

The books of the Workingmen's Bank may be evidence of ownership of its own stock; but they are not admissible to establish its acquisition of the interests of members in the former concern.

The judge erred in holding that the Workingmen's Bank acquired rights of the former con-cern by any title of succession —and as he has not passed on the proofs going to show specific transfers from members, the case is remanded.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*F. W. Baker* and *W. S. Benedict* for Plaintiffs and Appellees.
*Percy Roberts* and *E. E. Moise* for Defendants and Appellants.

The opinion of the Court was delivered by

FENNER, J. This is a suit upon the same bond which was involved in two suits heretofore decided by this Court, viz:

Workingmen's Accommodation Bank vs. Converse, 29 Ann. 369, and Workingmen's Bank vs. Converse, 33 Ann. 963.

The bond was originally given to the Workingmen's Accommodation Bank and the first suit was brought in that name as a corporation; but it was held that the then plaintiff was not a corporation and could not maintain the suit as such, and the suit was dismissed, reserving the rights of the individual members of the association to sue in their own names. 29 Ann. 369.

The second suit was brought by a different plaintiff, called the Workingmen's Bank, which claimed to be a corporation and to have succeeded to the ownership of the claim sued on.

Its corporate capacity and its proprietorship of the claim were both put at issue, and, holding that neither was established by sufficient evidence, a judgment of non-suit was entered. 33 Ann. 963.

Since that period, the Workingmen's Bank has passed under judicial liquidation, and the present plaintiffs are its official liquidators. Sundry exceptions were filed of which the only ones requiring notice are, in substance, the following:

1. That the Workingmen's Bank was never a legal corporation and that plaintiffs could not stand in judgment as liquidators of a corporation which never existed.

2. That the proceedings under which plaintiffs claim to act as liquidators were null and void.

3. That plaintiffs and the alleged corporation of which they claimed to be liquidators were without right, title or interest in the bond sued on.

These exceptions, after having been submitted to the judge *in limine*, were by him referred to the merits.

Answer was filed, under due objection and protest against this reference, containing a general denial, and the case went to trial on exceptions and merits together, resulting in a judgment for plaintiffs.

Grave complaint is urged against the action of the judge in refusing to decide the exceptions *in limine*, and in cumulating them with the merits.

So far as the first two exceptions were concerned, his course was certainly irregular. They were of a nature having no connection with the merits of the controversy and should have been decided *in limine;* but, as the exceptions are before us for review and as we can determine them, we see no practical ground for complaint.

As to the third exception putting at issue plaintiffs' ownership and title to the right sued on, we think the judge had the right to treat it as a defense to the merits and to cumulate it with the latter, as involving a question of fact which the plaintiffs might be required to prove as an essential to his right of recovery. Questi vs. Griffe, 3 La. 307; Burns vs. Hayne, 13 La. 13; Haynes vs. Carter, 9 Ann. 265.

As to the corporate capacity of the Workingmen's Bank, the evidence which was wanting in the 33 Ann. case, is here furnished, viz: the notarial act of incorporation and the act of the General Assembly No. 113 of 1874.

If the former stood alone, it might give rise to the same questions which were presented in the 29 Annual case; but it is a grave mistake to suppose that the decision there would operate as *res judicata* upon the corporate capacity of the Workingmen's Bank, the latter having been, in no manner, a party thereto. That decision is entitled to the force of a precedent and no more. It has no application to the case presented by the Workingmen's Bank. The ground of the decision was, that the Accommodation Bank had not complied with the conditions precedent essential to the creation of a corporation under the Free Banking law of this State. Those conditions precedent are expressly mentioned in the opinion, and a reference to the act here presented will show that they have all been complied with.

The court did not sustain the exception that the free-banking law of the State was suspended by the Acts of Congress authorizing the issuance of greenbacks and national bank notes; and we think that the only effect of the Federal upon the State law was to restrain the issuance of circulating notes, which was not essential to the creation or existence of a banking corporation under the free banking act. But, in any event, the legislative Act No. 113 of 1874 would seem sufficient to remedy any defects in the original act and to endow it fully with corporate capacity; though it is not necessary so to hold.

We are, therefore, of opinion that the exception to the corporate capacity of the Workingmen's Bank was not well taken.

As no other objection is pointed out to the validity of the proceedings under which the plaintiffs were appointed liquidators, the exception to their capacity, as such, likewise falls.

We now approach the question of plaintiffs' title to the obligation sued on or to any interest therein.

The decision in 29 Ann. :'69, undoubtedly acts as *res jndicata* in the strictest sense, upon the questions : first, that the nominal obligee of the bond, the "Workingmen's Accommodation Bank" was not a corporation ; second,. that the real obligees on the bond were the members composing that association, who alone had the right of enforcing it, and to whom, in the proportion of their respective interests, the bond belonged.

Those were questions presented and finally determined in a case between the obligors and obligees on the bond; and it is vain now to attack that decision on the ground of error.

It follows inexorably, that no one can claim any right or interest under this bond unless supported by membership of the association known as the Workingmen's Accommodation Bank or by title derived from such members. No portion of the members was competent to transfer the rights of the others without their consent; nor was the legislature itself competent to make such a transfer.

It is therefore evident that, neither by its act of incorporation nor by the subsequent act of the legislature, did the Workingmen's Bank acquire the interests of any members of the former association except of those who expressly assented to those proceedings.

The judgment of the lower court, which recognizes the plaintiffs as entitled to full recovery on the bond and was no doubt based upon the ownership of the Workingmen's Bank, as successor of the former association, under its charter, is manifestly incorrect.

Nevertheless, under the pleadings, the plaintiffs claim that the bank is the assignee of the rights in the bond of the original owners.

It had the right to prove such assignments and to the extent of such proof it is entitled to recover.

The membership in the Accommodation Bank was represented by 3434 shares of stock, belonging to numerous persons.

It is claimed that the Workingmen's Bank has acquired ownership or direct representation of 3294 of these, and evidence is found in the record tending to establish this claim. This evidence has not been passed upon by the judge *a quo*.

It consists, in large measure, of the books of the Workingmen's Bank itself, which the judge admitted in evidence over the objection and exception of defendants. This was error. The books of that corporation may be very good evidence of the ownership of its own

stock; but we cannot see how they can be received to establish its acquisition of the interests of members in the former concern.

It is useless to decide this case by piecemeal; or to comment on other evidence.

The task devolving on plaintiffs is to establish, by competent evidence, the extent to which they own, or represent the owners of the stock in the Workingmen's Accommodation Bank. To the extent of the interest so established, they may maintain an action on this bond and recover their proportion of the total liability of the defendants thereon.

As these matters have not yet been passed on by the lower court, we will reverse the judgment and remand the case for further proceedings in accordance with the views herein expressed.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed; and it is now decreed that this case be remanded to the lower court for further proceedings according to law and to the views herein expressed.

---

### ON APPLICATION FOR REHEARING.

The learned counsel for defendants advances the startling proposition that there exist two kinds of corporations, under the law of Louisiana, viz: corporations *authorized by law* and corporations *unauthorized by law*; arguing therefrom that the Workingmen's Accommodation Bank," though decided not to be a legal corporation, was nevertheless a corporation of some other kind (an *illegal* one, we suppose), and, as such, can alone stand in judgment against his clients. With due respect, the proposition has not the slightest foundation. It is utterly inconsistet with the definition of the nature and qualities of a corporatoin as given in Articles 427, 432, 433, 436, 437, etc., of the code, amongst which we may mention that it is an intellectual being, considered for some purposes, as a natural person; that it must be authorized by the legislature or established according to law; that it must have a name, and in that name *must* sue and be sued and do all legal acts; that its members can neither sue nor be sued, etc.

These are essential qualities of a corporation, without which it cannot exists. The loose language of Art. 446 cannot be construed as recognizing the existence, *as* corporations, of associations of individuals who have attempted or pretended to form a corporation, but, by reason of want of legal authority or non-compliance with legal requirements, have failed to do so. Although the article refers to such

associations by the name which they have themselves assumed, such description was not intended to recognize them as corporations in any sense.

In using the phrase "corporation unauthorized by law," Article 146 only uses like license of speech with that employed by judges and text-writers in speaking of "unconstitutional laws", well knowing that a law unconstitutional is no law at all, and a corporation unauthorized by law is not a corporation.

Such associations have always been treated by this Court as *unincorporated*, or as having "no corporate existence." Soller vs. Mouton, 3 Ann. 541; Vredenburgh vs. Behan, 33 Ann. 638; African Church vs. New Orleans, 15 Ann. 443.

In the last case the court said: "We are not to be understood as denying the members of this *pretended corporation,* considered as *individuals,* the right of property in what they have acquired in a social name."

## II.

The objection that the associates in this pretended corporation are estopped to deny its corporate existence, if well founded otherwise, does not lie in the mouth of these defendants who have themselves denied the corporate character and provoked a judicial determination sustaining their denial.

## III.

We have not passed upon the sufficiency of the title established by plaintiffs to all or any part of the interests of the original members of the Accommodation Bank, all members connected with which are included in the remanding.

## IV.

As to the necessity of joining in this action *all* the members of the association or their transferees, that question has not been presented to, or passed upon by us. There was no exception of non-joinder in the court below. We intimate no opinion as to its necessity, either on general principles or under the particular circumstances of this case. If, however, defendants have incurred the peril of a multiplicity of suits, it is the result of their own proceedings.

Rehearing refused.