### EBENEZER BAPTIST CHURCH, Inc., v. BANKS.

### No. 952.

Court of Appeal of Louisiana. First Circuit.

May 3, 1932.

R. F. Walker, of Baton Rouge, for appellant.

G. C. Herget, of Baton Rouge, for appellee.

MOUTON, J.

In 1926, a written promise of sale of a lot of ground in the city of Baton Rouge with buildings was made by Laycock and Wales to the Ebenezer Baptist Church of Baton Rouge for $1,050, of which $50 was paid cash, the balance on monthly installments. In this contract, Rev. J. Banks, defendant herein, Walter Thomas, Clinton Thomas, Louis Williams, Peter Williams, and Milton McDaniels represented the Ebenezer Baptist Church, an unincorporated religious association.

The association took possession of the lot and the building under its agreement with Laycock and Wales, where the defendant, Rev. Banks, has been officiating as pastor since 1926. The members of that association, being unincorporated, were individually vested with a common or joint interest in the possession and rights to the property with improvements described in the agreement. C. C. art. 446.

In July, 1931, Dan Hubbard, Louis Williams, and others, by authentic act, incorporated the Ebenezer Baptist Church, declaring in the act that the corporation be recognized in possession of the lot of ground for church purposes which had been acquired from Laycock and Wales in 1926, by defendant and the parties hereinabove named, and who have since been in possession.

Plaintiff institutes this suit in its corporate capacity, claiming that Reverend A. D. Hadder has been elected to the pastorate of Ebenezer Baptist Church, alleging that the defendant, Rev. John Banks, is usurping the church authority as its pastor, and that he is a trespasser on the premises of which plaintiff claims to be the owner. Plaintiff asked for an injunction to prohibit the defendant from trespassing "in and upon the church property of your petitioner" or from functioning as pastor of the church.

A rule nisi which had been issued by the district judge was recalled, and the injunction was denied.

Plaintiff, in its petition, alleges, that "it has acquired by contract" the property to which we have referred. The fact is that there is no proof that plaintiff has acquired that lot and buildings from Laycock and Wales, from the defendant, Banks, or his associates who

had acquired from Laycock and Wales. The record shows that plaintiff offered in evidence a certified copy of contract of sale from John T. Laycock and the Ebenezer Baptist Church, but there is no such proof in the record.

■■ Obviously, plaintiff realized that such proof was essential to establish its claim. This proof, we think, was indispensable, as the Rev. John Banks and the others, hereinabove named, had, by virtue of the contract entered into with Laycock and Wales, individual rights or a common interest in the lot and church in question which plaintiff could obtain only by transfer from them by sale or otherwise. Without the consent of these parties or the members of the unincorporated association they represented, plaintiff could not by a mere act of incorporation absorb their individual or common interest in the property. Edgar Hincks, Commissioner, v. George T. Converse, 37 La. Ann. 484.

As was said in that case, the corporation could claim no interest in the rights of the members of the unincorporated association, unless it derived its title from its members; that no portion of the members was competent to transfer the rights of the others without their consent; nor was the Legislature itself competent to make such a transfer.

Here, no such a transfer appears from any one of the members of the association which took possession under the deed from Laycock and Wales.

The Ebenezer Baptist Church, now incorporated, plaintiff herein, has no rights of property or possession in the Ebenezer Baptist Church where defendant, Rev. Banks, has been exercising his ecclesiastical functions since 1926.

This conclusion is also supported by the provisions of Act No. 107, 1924, page 178, which permits the transfer of property acquired by an unincorporated association for religious or charitable purposes to the association when incorporated according to law.

As before stated, there was no transfer here of the property in question or of any part of it.

What we have hereinabove stated finds support in the following doctrine in Corpus Juris, vol. 5, page 1338, part 18, § G, cited by counsel for defendant, which says, in substance, that, when an association votes unanimously for its incorporation, the association is dissolved, and its rights and property are transferred to the corporation, "but to have this effect all the members must consent to the incorporation."

This principle was recognized by the Supreme Court of this State in Hincks v. Converse, 37 La. Ann. 484, above cited.

Counsel for plaintiff refers to Gould v. Bebee, 134 La. 126, 63 So. 848, where the court said a mere trespasser, who sets up no color of title in himself, or cotrespassers, cannot question the validity of plaintiff's title, etc.

■ The proof is that defendant took possession of the church under written deed as its pastor since 1926, and where he was exercising his ministerial duties for several years prior to the institution of this suit. He can certainly not be classed as a mere trespasser without color of title to the property, from which it follows that the case relied on by counsel for plaintiff has no application.

The injunction demanded by plaintiff was therefore properly denied at the cost of the plaintiff.

Affirmed.