### SQUAIRE v. POLK et al.
### No. 14657.

Court of Appeal of Louisiana. Orleans.
March 26, 1934.

Henry J. Wyman and Richard A. Dowling, both of New Orleans, for appellant.

Wisdom & Sokolsky and Saul Sokolsky, all of New Orleans, for appellees.

JANVIER, Judge.

Plaintiff alleges "that the St. Mary Baptist Church (colored) is an unincorporated voluntary association," and that he "was employed as a pastor of said church in the year 1932, and that, as pastor of said church there is due him the sum of $100.00."

He also avers that the said church is indebted to him in the further sum of $140.-43, made up of the following items:

$106.43 paid by him "on account of the said church to the Singer Company of this city for lumber and material furnished said church," $25 for a piano, and $9 for a pulpit chair.

Plaintiff selects some seventeen persons alleged by him to be members of the said unincorporated voluntary association, and prays for judgment against the said seventeen persons.

In the court a qua there was judgment sustaining an exception of no cause of action and dismissing the suit, and plaintiff has appealed.

According to plaintiff's petition, all of the items for which claim is made represent obligations of the association. Therefore plaintiff, who was and is well aware of the legal status of the said association, and who knew, when the obligations were incurred, that the said church was, as he alleges, "an unincorporated voluntary association," should have proceeded in accordance with the provisions of Act No. 170 of 1918, and should have sought judgment directly against the association.

He has alleged no facts which, if proven, would entitle him to judgment against the members of the association as partners and certainly none which create in him a right to select some of the members and to place upon them the entire obligation.

If his allegations can be construed as presenting a claim against the association itself, then service of citation has not been made in accordance with the provisions of the statute to which we have referred.

The petition sets forth no cause of action against the individuals named and therefore the judgment appealed from is affirmed.

Affirmed.