Some twenty-five persons filed this suit alleging that in the year 1924 they acquired a certain plot of ground in the Parish of Beauregard in the name of the African Methodist Episcopal Church of DeRidder, Louisiana, a voluntary association for religious purposes; that in May, 1928, the defendant, Krause 
Managan Lumber Company, Ltd., secured a judgment against the African Methodist Episcopal Church of DeRidder, and under said judgment undertook to seize and sell the said lot of ground with the building thereon, the said defendant becoming the purchaser thereof; that the said judgment is null and void for the reason that no citation was issued to or served upon these plaintiffs; that they were not joined in said suit, nor did they make any appearance therein; that no notice was given to them of said judgment as is required by law. They attack the sheriff's sale of the property under the judgment on the ground that no notice of seizure was served on them; that they were not notified to appear and appoint appraisers as required by law, and no appraisement was made of the property purported to be sold, nor was it advertised for sale. They pray for a judgment annulling and setting aside said judgment and sheriff's deed.
On filing an exception of non-joinder by the defendant and the sustaining of this exception by the court, plaintiffs filed a supplemental petition making the Mount Zion Baptist Church of DeRidder a party defendant as the present record owner of the property. The defendant, Mount Zion Baptist Church, filed exceptions of no cause and no right of action, the pleas of two, five and ten years prescription, and a plea of estoppel. The answer of the two defendants, in substance, relies on the validity of the sale under the judgment of Krause Managan Lumber Company, Ltd. against the African Methodist Episcopal Church and the sale thereunder.
No action was taken on the exception and the pleas, but the trial judge dismissed plaintiff's suit after a trial of the case on the issues presented by the pleadings. Plaintiffs have appealed from that judgment, and the defendants answered the *Page 502 
appeal, asking that the exception and pleas filed in the lower court be maintained, and that the judgment be amended so as to recognize the Mount Zion Baptist Church as the owner of the property. As the judgment does recognize this Church as the owner of the property, this motion to amend the judgment is unnecessary.
There is no real dispute about the facts in the case. The record shows that in 1928 the Krause Managan Lumber Company, Ltd., brought a suit against the African Methodist Episcopal Church of DeRidder, an unincorporated religious association, to recover the sum of $756.07 for material and supplies furnished said church for the erection of a building on the lot of ground which had been acquired in the name of said Church. The plaintiff in that suit asked for the citation of said Church through W.K. Marshall, its managing officer, and asked for a recognition of its lien and privilege on the building and lot. Citation was served on said Marshall as managing official of the "said African Methodist Episcopal Church of DeRidder." No appearance having been made, a judgment by default was entered in favor of the plaintiff as prayed for. In due time a writ of fieri facias was issued on said judgment and the property was sold by the sheriff to the Lumber Company as the highest bidder. Through mesne conveyances from the Lumber Company the property passed to the Mount Zion Baptist Church, but it is unnecessary to detail these various transfers.
The contention of the plaintiffs seems to be confined to the one point that in all the proceedings prior to the rendition of the judgment against the African Methodist Episcopal Church and all notices and legal processes leading up to the sheriff's sale served only on Marshall as the managing official of the association was not sufficient to bind them as co-owners of the property by reason of their membership in this voluntary, unincorporated association; that in order for them to be divested of their interest in the lot and building, it was necessary for them to be made a party to the suit and cited each in his individual capacity as a co-owner of the property.
[1, 2] There is no question but that the plaintiffs as members of the unincorporated religious society known as the African Methodist Episcopal Church had an interest in the immovable property acquired in the name of that association for a common purpose. Ebenezer Baptist Church, Inc., v. Banks, La. App., 140 So. 815. The question here presented is whether or not they could be divested of that interest by a proceeding directed against the voluntary association under the name which the members chose to adopt for their common purpose, and in which name they chose to place the property in which they all had a common interest. Generally speaking, a co-owner of immovable property held in indivision with others cannot be divested of his interest unless he is made a party to the proceeding and served with the necessary legal process. It is on this principle that plaintiffs are basing their contention that their interests in the property were not divested in the proceeding against the association alone.
Because of the difficulty and impracticability of joining all members of a voluntary association organized to carry on a common purpose, where the membership is often extensive and scattered, the Legislature by Act 170 of 1918 (Dart's Stat. § 1295) provided that such voluntary associations could be sued on any obligation incurred for the benefit of the organization, in the name of the organization, and provided that all legal services in such matters shall be made on the managing official of such voluntary association.
[3] The obligation on which the African Methodist Episcopal Church was sued by the Lumber Company was for materials bought for and in the name of the association and was for its benefit. The Lumber Company could not have sued the plaintiffs individually and as members of said church and secured a judgment against them individually for the debt which was incurred by the voluntary association in its name and for its benefit. Squaire v. Polk et al., La. App., 153 So. 504.
[4] It is not shown that Marshall, on whom service of process was made as the managing official of the association, was not acting in that capacity. All process was served in accordance with the above mentioned act, and there does not appear to have been any irregularities in the proceedings on which the judgment against the organization was based. When the members of this voluntary association chose to adopt a name which they would use in carrying out their common purpose and placed their common property in the name, of that association and incurred the debt for the building material in that name and for the benefit of that association, they *Page 503 
thereby impliedly consented that all legal proceedings had to enforce the obligations of the association should be governed by the said act, and the property standing in the name of the association and used for the common purpose was held subject to a judgment rendered against the voluntary association in proceedings carried on against it according to said act.
The judgment rendered against the African Methodist Episcopal Church of DeRidder under process served in accordance with the above mentioned act was a valid judgment against the unincorporated religious organization, and the sale of property standing in its name under execution of that judgment had the effect of divesting plaintiffs of any interest they had in the property.
The conclusion herein reached makes it unnecessary to consider any of the pleas and exceptions filed by these two defendants, nor is it necessary to discuss the effect on other parties brought into the case as their rights originated from the Lumber Company.
For the reasons assigned, the judgment appealed from is affirmed at the cost of plaintiffs in both courts.