REGAN, Judge.
Relators, Joseph J. Doane and Ivy P. Boudreaux, instituted this suit endeavoring to obtain a writ of mandamus directed to the defendant, General Longshore Workers, International Longshoremen’s Association, Local Union 1418 and its president, Alfred Chittendon, to compel reinstatement and recognition of the relators as Vice-President and Secretary-Treasurer, respectively, of Local Union 1418, and their restoration to membership therein from which offices and membership they had been illegally deprived and expelled for life.
Relators allege that they have exhausted every amicable means of obtaining redress through the union and that the issuance of a writ of mandamus is necessary to protect and enforce their rights in this matter.
Defendant, General Longshore Workers, I.L.A. Local No. 1418, made an appearance in Court “insofar as capable of doing so” to plead the following exceptions each in the alternative:
■1 (a) That having no corporate existence it could not be impleaded into Court under its group name.
11 (b) That Alfred Chittenden, upon whom, as President, process was served, is not authorized to receive process or citation for the members of said group or to stand in judgment for them.
2 That the Court lacks jurisdiction ra-tione personae of American Federation of Labor, of International Longshoremen’s association, and of South Atlantic and Gulf Coast District of the International Longshoremen’s Association; — -none of them being domiciled within the jurisdiction of the court.
3 That a voluntary, unincorporated, subordinate group is not amenable to mandamus.
4 That relators’ petition discloses no right and no cause of action to obtain the relief by mandamus.
5 That relators’ petition discloses no right and no cause of action. A member of an association who has not availed himself of his remedies within the association, or who has not exhausted such remedy, is without right to appeal to the Courts.
The trial court overruled the exceptions 1, 2 and 3, however, it maintained the exceptions 4 and 5 and thus dismissed rela- *748 tors’ petition for a writ of mandamus. From that judgment relators prosecuted an appeal to the Supreme Court, which was of the opinion that it was without jurisdiction and, accordingly, transferred the appeal to this court, 221 La. 216, 59 So.2d 126.
The petition filed herein by the plaintiffs and the exceptions filed thereto by the defendant raise innumerable questions of substantive and adjective law, however, in our opinion, we find it necessary to decide the first procedural question raised by the pleadings (Exception 1 a) before we may judicially consider any other phase of the case, i. e.- — whether an unincorporated body may, in the absence of a statute, sue or be sued in its. society or company name.
In our opinion an unincorporated body may not, as such, in the absence of statute, sue or be sued in its society or company name and this conclusion is substantiated by virtue of the provisions of LSA-Civil Code, Art. 446 which reads:
“Corporations unauthorized by law or by an act of the Legislature, enjoy no public character, and can not appear in a court of justice, but in the individual name of all the members who compose it, and not a political body; although these corporations may acquire and possess estates, and have common interests as well as other private societies.”
This article is one example of the application of civil law technique of statutorily crystallizing the common law rule which we shall refer to hereinafter.
In Workingmen’s Accommodation Bank v. Converse, 1877, 29 La.Ann. 369, the Supreme Court was of the opinion that “no association of persons can appear in court as a corporation, unless organized as such, in strict accordance with law. Un-' less so organized it can only sue in the individual names of its members.”
In Congregation of St. Mary of Mt. Carmel Church v. Farrelly & Hommerich, 1882, 34 La.Ann. 533, the Supreme Court was of the opinion that:
“The petition was originally filed in the name of the congregation, as if it were a corporation. Exception was filed that, not being incorporated, the congregation could not sue in that form. The exception was undoubtedly good”, citing Workingmen’s Accommodation Bank v. Converse, supra.
“The authority of the Court to allow the plaintiff to amend by substituting the names of the members is not questioned; but, in granting this permission, the Court should have sustained, and not overruled the exception.”
Our attention has been directed to only one statute of this State which authorizes voluntary associations, as such, to be sued, i. e. Act No. 170 of 1918, LSA-R.S. 13:3471(22). This act is limited in its scope simply to actions on obligations incurred for the benefit of the association, as is exemplified by the following language of the act:
“That from and after the promulgation of this act, it shall be lawful to sue any voluntary association on any obligation incurred for the benefit of such association, in the name of said association and all legal services in such matters shall be made upon the managing official of such voluntary association * *
All of the cases that we have had occasion to read which were decided in conformity with this act reflect that the association 'had incurred obligations for' the benefit of the associations such as merchandise, building material, pianos, etc. Squaire v. Polk, La.App., 153 So. 504; Brazier v. Pride of Donaldsonville Tabernacle No. 40, La.App., 180 So. 874; Monroe v. Krause & Managan Lumber Co. Ltd., La.App., 24 So.2d 501. See also JO Tulane Law Review 533.
It is obvious that the foregoing act has no application to the instant case except to point up and emphasize the rule laid down in LSA-Civil Code, Art. 446 that “corporations unauthorized by law or by an act of the Legislature, enjoy no public character, and can not appear in a court of justice, but in the individual name of all the members who compose it, and not a political body * *
*749 The common law rule is concisely stated in 27 A.L.R. at pages 786 and 790:
“There is no principle better settled than that an unincorporated association cannot, in the absence of a statute authorizing it, be sued in its society or company name, but all the members must be made parties, since such bodies have, in the absence of statute, no legal entity distinct from that of their members.”
Our opinion is, we believe, further fortified by an analysis of legislative intent as manifested by the Assembly’s unequivocal formal written conclusion in the matter. In the year 1946, the Louisiana Legislature created Act No. 180 which authorized suits against labor organizations, however, in 1948, this act was repealed by virtue of the specific provisions of Act No. 130, therefore, we must conclude that the rule enunciated in LSA-Civil Code, Art. 446 prevails in this case and that a non-juridical body, forbidden by law to appear in a court of justice in its society name, cannot, in that name only be ordered to appear and defend an action so instituted against it. The courts are not competent to order that to be done which the Legislature has forbidden. The people, working through their legislature, are, in the final analysis, the supreme law of the State.
Plaintiffs, in endeavoring to substantiate their position through an opinion of the Supreme Court of the United States, that an unincorporated body may, as such and in the absence of statute, sue or be sued in its society or company name, cited the case of United Mine Workers of America v. Coronado Coal Company, 1922, 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975. However, the court in that case clearly recognized that at common law an unincorporated association of persons can only sue and be sued in the name of its members. Only because of specific Federal Legislation, Sherman Anti-Trust Law, § 8, Comp. St. Sec. 8830,[1] which the court held authorized “suits for damages against corporations and associations existing or authorized by the laws of the United States, or any state or territory, etc.”, though “especially directed against business associations and combinations, * * * embraces unincorporated labor unions.”
It will, therefore, be appreciated that the Coronado case dealt solely with a question of Federal procedure and cannot serve either as a guide or precedent to determine a question involving the adjective or substantive law of this State.
Counsel for plaintiffs has directed our attention to the case of Executive Committee of French Opera Trades Ball v. Tarrant, 1927, 164 La. 83, 113 So, 774, 776, 53 A.L.R. 1233, as also authority for the proposition that an linincorporated body, as such, in the absence of statute, may sue or be sued in its society or company name. In addition to the facts therein stated, the very language of the opinion clearly distinguishes it from this case. The Supreme Court there said:
“In the instant case there is no pretense that the executive committee composed of the plaintiffs is a legal entity or body politic in law, nor does it sue as such. The petition alleges that the plaintiffs compose the executive committee, and the evidence shows that they were agreed on and appointed as such executive committee.
"And the defendant himself does not deny this fact * * *.
“There is nothing to show that any other persons than the plaintiffs were members of this particular committee. * * *
"If the executive committee is to be regarded as an unincorporated association, then such association has the right to sue and stand in judgment provided the individuals who compose the association join in the suit. Such is undoubtedly the law and is sustained by the authorities cited by defendant’s counsel.” (Italics ours.)
This case further emphasizes the accepted rule of law (both common and civil) quoted hereinabove.
Since we are of the opinion that an unincorporated body may not, as such in the absence of statute, sue or be sued in *750 its society or company name, a fortiori, its president, upon whom process was served, is not authorized to receive citation for the members composing the group or to stand in judgment for them.
We do not deem it necessary to discuss exceptions 2, 3, 4, and 5.
In view of the conclusions that we have reached hereinabove the judgment appealed from is redrafted to read as follows:
It is now ordered, adjudged and decreed that the exception designated as 1(a) and (b) reading “that having no corporate existence it could not be impleaded into court under its group name’’ and “that Alfred Chittendon, upon whom, as President, process was served, is not authorized to receive process or citation for the members of said group or to stand in judgment for them” is hereby maintained and plaintiffs' suit dismissed, and as rewritten the judgment is affirmed.
Affirmed.

. Now 15 U.'S.O.A. § 7.