HAWTHORNE, Justice
(dissenting in part).
It is my view that the exception to the citation filed in behalf of the United Mine Workers of America, District 50, is well *1138 founded, and that the majority is in error in affirming the judgment of the lower court which issued an injunction against the association as such.
United Mine Workers of America, District 50, is an unincorporated labor union or voluntary association. It was named as one of the defendants in this suit and cited only through James L. Ledbetter, one of its members. Being an unincorporated association, it cannot be sued under the existing laws of this state because it has no legal existence distinct from that of its members.[1]
Article 446 of the Civil Code provides that “Corporations unauthorized by law or by an act of the Legislature, enjoy no public character, and can not appear in a court of justice, but in the individual name of all the members who compose it, and not a political body; although these corporations may acquire and possess estates, and have common interests as well as other private societies”.
In State ex rel. Doane v. General Longshore Workers, 61 So.2d 747, 748, a suit for mandamus against an unincorporated association, the Court of Appeal for the Parish of Orleans in a well reasoned opinion correctly held that such an association may not, in the absence of statute, sue or be sued in its society or company name. The majority opinion in the instant case cites and quotes Act 170 of 1918, R.S. 13:3471(22), and concludes that this statute authorizes the instant suit. This conclusion is incorrect because this is not an action or suit on an “obligations incurred for the benefit” of the association. Plaintiff here is seeking an injunction against peaceful picketing, and consequently the statute has no application.
In State ex rel. Doane v. General Longshore Workers, supra, the Court of Appeal gave good and valid reasons in support of its decision that the statute was not applicable in that case. The reasons given and the authorities cited in the Doane case clearly show that the statute is equally inapplicable to the instant case.
In the case now under consideration the majority opinion relies on certain dicta in the case of Godchaux Sugars, Inc., v. Chaisson, 227 La. 146, 78 So.2d 673, in support of the proposition that an unincorporated group need not be individually cited to be subject to restraint by injunction. In the Godchaux case the union or voluntary association was not sued in its association name, as is the defendant in the instant case, and in fact was not even a party to the suit. Consequently the Godchaux case is not authority on the citation issue in the instant case.
As I pointed out in my dissenting opinion in Douglas Public Service Corp. v. Gaspard, 225 La. 972, 74 So.2d 182, and in my concurring opinion in Godchaux Sug *1140 ars, Inc., v. Chaisson, supra, I do not agree that the procedural requirements of the “Little Norris-LaGuardia Act” are unconstitutional. In the Douglas and Godchaux cases this court in effect held that the statute was unconstitutional, and that a plaintiff seeking injunctive relief in a labor dispute need not follow the procedural requirements set out in the statute. Some doubt has been expressed by members of the bar as to whether the holding in those cases was limited to the particular facts of each case. The holding in the instant case, however, removes any such doubt. Here the majority is affirming a judgment of the lower court granting an injunction against a labor union for peaceful picketing on a public street, although no acts or threats of intimidation, coercion, violence, fraud, breach of the peace, or trespass were committed. This injunction is issued in the teeth of R.S. 23 :841 which provides:
“No court shall issue any restraining order or temporary or permanent injunction which in specific or general terms prohibits any person or persons from doing, whether singly or in concert, any of the following acts:
* • * * * * *
“(5) Giving publicity to and obtaining or communicating information regarding the existence of, or the facts-involved in, any dispute, whether by advertising, speaking, patrolling any public street or any place where persons may lawfully be, without intimidation or coercion, or by any other method not involving fraud, violence,, breach of the peace, or threat thereof * *
Consequently the entire act is now as" dead as a salted mackerel, made so by judicial proclamation.
However, the holding of the majority on R.S. 23:841 is now the law applicable to cases of this kind, and therefore, for the reasons given in my concurring opinion in the Godchaux case, supra, I am not dissenting on this ground. Nevertheless I am dissenting on the matter of citation which I discussed above.

. Except of course as provided in R.S. 13:3471.