DOMENGEAUX, Judge.
This is a possessory action filed by the St. Paul Baptist Church, an unincorporated association, against the St. Paul Baptist Church of Leesville, Inc., and Rev. George H. Guillory, Sr., contending that defendants interrupted plaintiff’s possession of the church premises and praying that the plaintiff’s possession of the property be restored. A majority of the Board of Deacons of the old unincorporated association represent it and have caused this suit to be filed. From a judgment recognizing plaintiff’s right to possession, the defendants appealed. We affirm.
*315 At the trial it was stipulated that (1) St. Paul Baptist Church was operated as an unincorporated association for over 40 years prior to this suit; (2) the association had possessed the church premises in question for over 40 years; (3) prior to September 6, 1971, Rev. Guillory resigned and his resignation was accepted; (4) prior to September 23, 1971, a dispute within the association caused a split among the members; (5) Mr. Romalice Brown had been informed of the September 23, 1971, meeting by letter dated September 17, 1971; (6) on September 23, 1971, a meeting was held at which Rev. Guillory was named pastor; (7) since September 23, 1971, the corporation and/or its president, Rev. Guil-lory have possessed the church premises, holding services every Sunday; (8) on October 1, 1971, there came into existence a corporation called St. Paul Baptist Church of Leesville, Inc.
The evidence shows that the congregation of St. Paul Baptist Church (the unincorporated association) did not have, a constitution or by-laws. The dispute within the congregation arose from the activities of the defendant, Rev. George Guillory, who had been pastor of the church since August, 1970. Rev. Guillory’s resignation was tendered and accepted at a regularly scheduled church meeting. Rev. Guillory, who lives in Eunice, Louisiana, by his own admission has never been a member of the St. Paul Baptist Church. From the moment his resignation was accepted, he had no relationship with the church. However, he subsequently wrote a letter to Mr. Rom-alice Brown (Chairman of the Board of Deacons) informing him that he (Rev. Guillory) was calling a meeting of the whole church on September 23, 1971, and asking Mr. Brown to inform the entire congregation of the meeting. No other notice of the meeting was given to the congregation.
There were 68 people at the September 23rd meeting who unanimously voted to incorporate the church. Rev. Guillory was elected President of the corporation and named as pastor. A list of members of the incorporated church was made at the meeting. Although there were 68 persons present, the list contained 130 numbered spaces. There was no roll call or any other proof of what persons attended the meeting or whether they were members of the association or not. There were 95 adult members of the unincorporated association. Comparison of the old church records with the list made at the September 23, 1971, meeting showed that of those persons named on the list, 36 were children, and 35 were non-members. It was not shown that the 55 church members on the list (4 spaces on the list were numbered but left vacant) drawn by the secretary of the corporation were present at the meeting.
Rev. Guillory continued to hold services which were purportedly open to the whole community. However, there is testimony that members of the opposing faction were made to feel uncomfortable and were told that they could not attend church as members of the old unincorporated church. They were told that they would have to join the incorporated church before they would be allowed to attend services.
The trial judge, relying on Ebenezer Baptist Church v. Banks, 140 So. 815 (La. App.lst Cir., 1932), rendered judgment in favor of the unincorporated association. The corporation appealed, arguing that since a majority of the association became members of the corporation and the church services were open to everyone, there was no disturbance in fact of possession as required by LSA-C.C.P. 3658(3). This argument ignores the fact that there was no transfer of title or possession from the members of the association to the corporation, and, under the stipulated facts, the corporation is now in possession.
Moreover, the preponderance of the evidence shows that the members of the association were made to feel unwelcome at the *316 church unless they were willing to join the corporation. There is no showing that a majority of the members of the association sought to form the corporation. However, we are not here deciding whether Rev. Guillory or the Board of Deacons has the support of the majority of the congregation. We limit our discussion to the pos-sessory action between the association and the corporation.
The Ebenezer Baptist Church case involved facts very similar to those before us. In 1926, the Ebenezer Baptist Church, an unincorporated association, through its Rev. J. Banks, took possession of a lot and buildings under a written promise of sale from the owners. Rev. Banks began officiating in 1926 and did so until 1931. In July, 1931, several members of the association incorporated the Ebenezer Baptist Church declaring in the act that the corporation be recognized in possession of the lot of ground for church purposes which had been acquired in 1926. The corporation then instituted a suit alleging that Rev. Banks was usurping the church authority as its pastor and that he was a trespasser upon the church premises. The corporation asked for an injunction to prohibit Banks from trespassing upon the church property. It alleged that it had acquired by contract the property involved. However, there was no deed in the record. Proof of a transfer was held to be indispensable. Since the unincorporated association had title to the property, the members of the association had individual rights or a common interest in the lot and church in question which plaintiff could obtain only by a transfer from them by sale or otherwise. A mere act of incorporation would not allow the plaintiff corporation to absorb their individual or common interest in the property.
In order “[t]o maintain the possessory action the possessor must allege and prove that:
(1) He had possession of the immovable property or real right at the time the disturbance occurred;
(2) He and his ancestors in title had such possession quietly and without interruption for more than a year immediately prior to the disturbance, unless evicted by force or fraud;
(3) The disturbance was one in fact or in law as defined in Article 3659; and
(4) The possessory action was instituted within a year of the disturbance.” C.C.P. Article 3658.
The requisites of Sections (1), (2) and (4) of C.C.P. Article 3658 were either stipulated or clearly shown by the record. There is a dispute only on the issue of whether there was a disturbance in fact under Section (3), “A disturbance in fact is an eviction, or any other physical act which prevents the possessor of immovable property or of a real right from enjoying his possession quietly, or which throws any obstacle in the way of that enjoyment.” C.C.P. Article 3659. The stipulation that since September 23, 1971, the corporation has possessed the church as owner shows a disturbance in fact.
The corporation is a distinct legal entity from the members of the association who possessed the property until September 23, 1971. The testimony at the trial that members of the faction which did not join the corporation were made to feel uncomfortable and told that they must join the corporation before they would be welcome at the church, when coupled with the stipulation, clearly shows a disturbance in fact of plaintiff’s possession.
For the foregoing reasons, the judgment of the trial court granting the association’s possessory action is affirmed. Costs of this appeal are assessed to defendants-appellants.
Affirmed.