## HARDY v. BLOUNT.

### No. 1501.

Court of Appeal of Louisiana. First Circuit.

Oct. 3, 1935.

Roland C. Kizer, of Baton Rouge, for appellant.

R. F. Walker, of Baton Rouge, for appellee.

LE BLANC, Judge.

This is an appeal from a judgment taken on confirmation of default. There was no note of testimony made and there is no

statement of facts in the record. Defendant appellant relies principally on an exception of vagueness and on a motion for a new trial, both of which were overruled in the lower court, for a reversal of the judgment appealed from and a remand of the case to the lower court.

The original petition filed by the plaintiff was met with an exception of vagueness on the part of the defendant. This first exception was sustained by the lower court, and the plaintiff was ordered to amend. A second exception of vagueness was filed to the amended petition. This was the exception that was overruled, and defendant, through his counsel, now stresses it before this court.

There could be no question about the ruling of the lower court on the exception of vagueness to the original petition. In amending the same, plaintiff merely supplemented certain allegations of each article, corrected some and eliminated others, without rewriting the articles to make them conform to the amendments intended. In the form in which it appears, therefore, the amended petition is nothing but a jumble of sentences which cannot be understood unless read in connection with the original petition which it sought to amend. Happily for the court, however, counsel for defendant has taken the trouble to collate both petitions, interposing the amending sentences and words, and omitting those that were intended to be erased, in each article, and we have, as a result, a clearer conception of the plaintiff's cause of action.

■ As it appears in this dressed up form, for which we are indebted to counsel for defendant, the petition, we believe, stands the test of clarity and conciseness of statement of the object of the demand and of the cause of action on which it is founded, as laid down by article 172 of the Code of Practice.

As we understand it, the demand is one in the sum of $150 for breach of contract for the construction of three dwelling houses in one of the suburbs of the city of Baton Rouge. The $150 represents the profit plaintiff claims he would have made under the contract had it not been for defendant's, violation of the same by ordering him to discontinue the work after he had already performed a considerable part and was prepared to complete it.

From the allegations, as we read them, plaintiff contracted with the defendant verbally, to erect the three houses at a given price. The specifications of the houses are given, and it is further alleged that the contract price was subsequently changed so as to meet certain additions that were to be made in one of the houses. It is alleged, in effect, that the material for the three houses was to come from four buildings that were to be dismantled in the town of Dixie, near Baton Rouge. It is alleged further that defendant was to advance the money in cash to pay for this material and the amount so advanced to be credited on the contract. Plaintiff alleges performance of his part of the contract by dismantling the four houses in Dixie and moving all material to the defendant's building lot, cleaning and preparing the same, and of even having constructed one house with minor exceptions, when the violation on defendant's part took place. Such is the gist of plaintiff's petition as amended, and, as already stated, we find it sufficiently clear in stating the object of his demand and the nature of his cause of action. There was no error on the part of the district judge in overruling the second exception of vagueness.

■ The motion for a new trial is based on what counsel for defendant claims to be the refusal of counsel for plaintiff and of the district judge, to have acceded to his request for a statement of the facts proved in the trial of the case on confirmation of default and on which the judgment was predicated. It is the contention of counsel for plaintiff that both he and the district judge complied with the request, such as was made, and there was no complaint on the part of counsel for defendant that the statements given by them were not sufficient.

Article 602 of the Code of Practice provides that "When the deposition of witnesses have not been taken in writing in the inferior court, the party intending to appeal, or his advocate, must require the adverse party or his advocate, to draw, jointly with him, a statement of the facts proved in the cause, and this statement thus drawn and signed, either by the parties or their advocates, shall be annexed to the records, and a transcript of the same transmitted to the Supreme Court."

It is further provided by article 603, that "If the adverse party, when required

to do so, refuse to join in making out the statement of facts, or if the parties can not agree as to the manner of drawing the same, the court, at the request of either, shall make such statement according to their recollection of the facts, or from the notes they have taken of the evidence."

In order to be exact in showing the nature and form of the request of counsel for a statement of facts from both adverse counsel and the district judge, we quote from the record:

"Mr. Kizer: Mr. Walker, will you give me a statement of facts or agree with me on a statement of facts as to what was proved in order to confirm the default and obtain judgment?

"Mr. Walker: The judgment rendered by the Court states that sufficient facts to prove plaintiff's petition were offered in open court.

"Mr. Kizer: Will your Honor please give me a statement of facts as to what was proved to confirm the default?

"The Court: The judgment was rendered upon due proof being offered in open court as to the correctness of the allegations of plaintiff's petition."

Looking to the judgment itself, we find that it was rendered merely "on motion of R. F. Walker, Attorney for plaintiff, and on producing due proof in support of plaintiff's demand," etc. It is apparent therefore that the judgment, to which both counsel for plaintiff and the district judge refer, does not contain a statement of the facts on which it was obtained, and their replies amount to absolutely nothing when considered in connection with the provisions of the articles of the Code of Practice just quoted. It would have been as well had they made no reply whatsoever.

As to the form of the request made by counsel for defendant, it is hard for us to think of any other language in which it could better have met the requirements of the articles of the Code. Counsel first addressed himself to adverse counsel as he had to under the provisions of article 602, and asked him either to give him, or agree with him, on a statement of the facts proved in order to confirm the default and obtain judgment. In effect, that was a request to "draw, jointly with him," a statement of facts and could mean nothing else. There is nothing sacramental about the words used in the article of the Code,

and if the request complied with its substance, that was all that was necessary. The request made of the district judge was even more in conformity with the provisions of article 603 of the Code, and it is useless to comment any further on it.

In the case of Fletcher v. Ozone Lumber Co., Ltd., 123 La. 514, 49 So. 158, opposing counsel having been unable to agree on a statement of facts, the district judge did prepare one and there was therefore an effort made to comply with the articles of the Code of Practice. When the matter reached the Supreme Court, that court seemed to have entertained some doubt as to the correctness of the statement as prepared by the district judge, and whilst there was no reason to indicate on its face that it did not come within the law, the court held that, in view of the strong probability of error which might result in a miscarriage of justice, the judgment should be reversed and the case remanded for trial de novo.

It is urged by counsel for plaintiff that the defendant did not do all that was possible in order for him to complete the transcript for an appeal, but in Francis v. Barbazon, 10 La. App. 55, 120 So. 427, the Court of Appeal of Orleans Parish held that a defendant whose counsel had unsuccessfully pursued a course similar to the one followed by counsel for defendant in this case in procuring a statement of facts to be used on appeal, and who had not been a bit more diligent in his efforts than was counsel in this case, was entitled to a reversal of the judgment obtained against him on confirmation of default, and the case was remanded to the lower court for a new trial.

We feel satisfied that in this case, the ends of justice will better be served by remanding the case to the district court for the purpose of having it tried over. To do so, it will be necessary, of course, to reverse the judgment rendered in the lower court on confirmation of default.

For the reasons stated, it is therefore ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby reversed, annulled, and set aside, and it is further ordered that this cause be remanded to the district court with the right granted to defendant to file an answer, and have the case tried de novo. All costs of this appeal to be borne by the plaintiff-appellee.