HARWELL L. ALLEN, Judge ad hoc.
This is an appeal from a judgment taken on confirmation of default.
On February 6, 1959, plaintiff filed suit against defendants for the sum of $1,500.00, being the alleged replacement value of a trailer borrowed from plaintiff and which defendants had failed to return for a period of more than two years. Judgment was rendered and signed on December 9, 1959, in favor of plaintiff as prayed for.
On June 22, 1960, the attorney for the defendants wrote the attorney for the plaintiff requesting him to draw jointly a statement of facts proved in the trial court in this case. On June 28, 1960, counsel for defendants filed a written motion declaring that the' defendants wished to perfect a devolutive appeal, that he had requested the attorney for plaintiff to draw jointly with him a statement of facts, that the attorney for plaintiff informed him on June 28, 1960, that his client had refused to give or join in preparing a statement of facts and therefore, in accordance with Article 603 of the Code of Practice, he requested the court to make such statement according to its recollection of the facts.
The trial judge entered an order stating that his recollection of the facts was not sufficient to prepare or aid in preparation of the desired statement of facts and that the record did not contain any pertinent facts as to the witnesses who testified, if any, or any evidence that was introduced in this matter.
On December 6, 1960, defendants applied for and obtained an order of devolutive appeal.
Articles 602 and 603 of the Louisiana Code of Practice, in effect at the time this *475 suit was tried and appealed, provide as follows:
“Article 602. When the deposition of witnesses have not been taken in writing in the inferior court, the party intending to appeal, or his advocate, must require the adverse party or his advocate, to draw, jointly with him, a statement of the facts proved in the cause, and this statement thus drawn •and signed, either by the parties or their advocates, shall be annexed to the records, and a transcript of the same transmitted to the Supreme Court.
“Article 603. If the adverse party, when required to do so, refused to join in making out the statement of facts, or if the parties can not agree as to the manner of drawing the same, the court, at the request of either, shall make such statement according to their reollection of the facts, or from the notes they have taken of the evidence.”
There was no note of testimony made and there is no statement of facts in the record. Counsel for defendants complied literally with Articles 602 and 603 of the Code of Practice in first requesting the attorney for plaintiff to draw jointly with him a statement of facts proved in the case and on the refusal of the plaintiff to do so, he then addressed a written motion to the trial judge for a statement.
The identical question posed in this case was decided by the Court of Appeal, First Circuit, in Hardy v. Blount, 163 So. 186. There, the court stated:
“We feel satisfied that in this case, the ends of justice will better be served by remanding the case to the district court for the purpose of having it tried over. To do so, it will be necessary, of course, to reverse the judgment rendered in the lower court on confirmation of default.”
Appellant is entitled to have his case reviewed on appeal. This cannot be done in the absence of either a transcript of testimony or a statement of facts. Therefore, we must remand the case for a trial de novo.
For these reasons, it is therefore ordered, adjudged and decreed that the judgment appealed from be, and the same, is, hereby reversed, annulled and set aside and that this case be remanded to the Twenty-Fourth Judicial District Court in and for the Parish of Jefferson with the right granted to defendant to file an answer and have the case tried de novo. All costs of this appeal to be borne by plaintiff-appel-lee.
Reversed and remanded.