HALL, Judge.
Nationwide Acceptance Company sued Richard Griffin and his wife Margaret M. Griffin in solido to enforce collection of a promissory note which it had purchased from Rich Plan of New Orleans, Inc., without recourse. The note, made payable to Rich Plan of New Orleans, Inc., is dated September 28, 1962 and is in the principal sum of $227.36 and provides for the payment of interest at the “highest legal rate” and for reasonable attorney’s fees.
The note was executed by Mrs. Margaret M. Griffin only and was given to Rich Plan of New Orleans, Inc., in payment for a large quantity of meat and other frozen food purchased for stocking a deep freezer which Mr. and Mrs. Griffin had bought from that company several days before.
Plaintiff seeks to hold the husband liable on the note on the theory that his wife executed it as an agent of the marital community.
Insofar as pertinent to the issues presented, the facts, as revealed by the record are as follows:
On September 28, 1962 Rich Plan of New Orleans Inc. delivered a large quantity of meat and other frozen food to the Griffin home. At the time of delivery Mr. Griffin was not at home but at work. Mrs. Griffin received the frozen food and signed two pieces of paper, which she testified she thought was a receipt for the delivery but which turned out to be the note sued upon and a delivery receipt. On the following ■day, September 29, 1962 Mrs. Griffin contacted a representative of Rich Plan of New Orleans Inc. told him she did not want the food and asked him to send for it which he promised to do. Rich Plan of New Orleans Inc. sent for and picked up the food several days later viz. on October 3rd or 4th.
Sometime between October 1st and 3rd Nationwide Acceptance Company purchased the note from Rich Plan of New Orleans Inc.
No evidence was presented to show that Mr. Griffin had anything to do with ordering the food or to show that he authorized his wife to make the purchase on behalf of the community or that he authorized her to sign a note in payment therefor. There is no evidence that Mr. Griffin acquiesced in the purchase made by his wife or that he permitted the community to accept or enjoy the benefits resulting from his wife’s unauthorized action. The action was never in any manner ratified by him. On the contrary the record shows that he specifically repudiated the transaction as soon as he heard of it, and the food was returned to the seller who agreed to cancel the transaction by accepting its return.
The large quantity of food bought by Mrs. Griffin cannot be construed as a purchase of necessities for which her husband, as head and master of the community, would be responsible, for the reason that the husband is not liable for necessary supplies furnished the wife unless he fails or refuses to furnish them himself, and there is no proof of this. See Schaeffer v. Trascher, 165 La. 315, 115 So. 575; Adams v. Golson et al., 187 La. 363, 174 So. 876, 879. Besides this, such a large quantity of food greatly exceeds the immediate needs of the family.
Mr. Griffin did not sign the note and there is no theory upon which he can be held liable thereon under the circumstances of this case.
However, since plaintiff’s suit is against the wife also, it is necessary for us to consider whether she is personally liable.
The note signed by Mrs. Griffin is complete and regular on its face and Nationwide Acceptance Company purchased it in good faith for value before maturity. Nationwide Acceptance Company had no notice of the failure of consideration or any other infirmity therein until on or about October 12, 1962 some days after it had purchased the note. It is therefore a holder in due course and is not subject to any de *703 fenses that Mrs. Griffin might have against Rich Plan of New Orleans Inc. See White System of New Orleans Inc. v. Hall, 219 La. 440, 53 So.2d 227; First National Bank of Lafayette v. Romero, La.App., 150 So.2d 640.
For the foregoing reasons we are of the opinion that although Mr. Griffin is not liable on the note as head and master of the community, Mrs. Griffin is personally liable thereon.
The judgment appealed from is affirmed insofar as it rejected plaintiff’s demands against Richard Griffin. It is reversed insofar as it rejected plaintiff’s demands against Mrs. Margaret M. Griffin, and judgment is now rendered in favor of Nationwide Acceptance Company against Mrs. Margaret M. Griffin in the full sum of $227.36 together with interest thereon at the rate of 8% per annum from judicial demand until paid and 20% attorney’s fees; costs of both Courts to be borne by Mrs. Margaret M. Griffin.
Affirmed in part; reversed in part and rendered.