REID, Judge.
Plaintiffs Henry J. Lamonica and his-wife Dorothy Pendarvis Lamonica filed this suit against the Royal Furniture Company of Baton Rouge, Inc. seeking an injunction against a garnishment on the wages-of Mrs. Dorothy. Pendarvis Lamonica on the grounds that the garnishment was illegal and also asking for damages to her reputation, attorneys fees and reimbursement of all wages withheld. Plaintiff Henry J. Lamonica prays for judgment in the amount of $6003.43 and Mrs. Dorothy Pendarvis Lamonica seeks a judgment of $5000.00.
After a trial on a rule for a preliminary injunction the Judge of the Lower Court rendered judgment recalling and setting aside the rule. Later the case was tried on the merits and the Trial Judge rendered judgment rejecting plaintiffs’ demands at their costs.
*148 From this judgment plaintiffs have appealed to this Court.
The suit arose out of a judgment obtained by Royal Furniture Company of Baton Rouge, Inc. against Mrs. Henry J. Lamoni-ca in the 21st Judicial District Court, Parish of Livingston No. 13438. The judgment of the 21st Judicial District Court was for the sum of $471.30 with interest after maturity at the rate of 8% per annum until paid, plus 25% additional on the total amount of principal and interest as attorneys fees, and all costs of suit, with recognition of a vendor’s lien and privilege chattel mortgage on a Frigidaire washer and Frigidaire dryer. This judgment was signed on June 4, 1965 and was only against Mrs. Lamonica.
Subsequent thereto the Royal Furniture Company of Baton Rouge, Inc., hereinafter referred to as “Royal Furniture” instituted garnishment proceedings in the 19th Judicial District Court of Louisiana, Parish of East Baton Rouge directed against Microw-Telc Instruments Inc. garnisheeing the salary of Mrs. Dorothy Pendarvis Lamonica as an employee of said garnishee to pay and satisfy Royal Furniture’s judgment.
This suit is a result of that garnishment.
The suit was based on a claim that the salary of Mrs. Lamonica falls into the community of acquets and gains existing between her and her said husband, and judgment rendered in the Livingston Parish Court against her was a personal judgment. The plaintiff Henry J. Lamonica as head and master of the community seeks the wages actually withheld plus $5000.00 damages to reputation, plus attorneys fees in the amount of $1000.00. Mrs. Lamonica’s claim is based on embarrassment and humiliation.
The Trial Judge dictated oral reasons into the record. We quote with approval his finding of facts as set out in said opinion, to-wit:
“According to the evidence offered in this case this suit arises from the original sale of a washer and a dryer by plaintiff to Mrs. Lamonica on March 4, 1964. The credit manager for defendant testified that defendant’s office mailed letters to Mr. Lamonica on three or four occasions subsequent to this sale and prior to May 14, 1964. It was not until May 14, 1964 that Mr. Lamonica denied any responsibility in connection with this transaction. In my opinion it does not require any evidence to show that these machines, that is, a washer and a dryer, are necessities in any household, and that the purchase of these items by the wife created a community obligation. Attention is again called to the fact that it was more than two months subsequent to the purchase that the husband first disclaimed any liability. In my opinion the liability against the community had already attached.
The foreclosure proceedings were instituted in Livingston Parish against both the husband and the wife, however, the judgment finally rendered in the case was against the wife only. The reason for this is not known to this court, and the court does not speculate thereon. It is my opinion, however, that inasmuch as the court has already held that the sale created a community obligation, that the rendition of the judgment against Mrs. Lamonica only did not change the status of the obligation and that it remained a community obligation. That, in my opinion, is the sole material issue in the case.
It could not be disputed that the earnings of the wife during the existence of the community are community assets and that they can be seized for a community obligation, as has been done in this case. It is, therefore, my opinion that the garnishment proceedings had in this matter are entirely legal and the pursuit of these proceedings could not give rise to any claim for damages on the part of these plaintiffs. Their claim here is for damages to reputation on the part of the husband, together for the return of a small amount realized in the garnishment proceedings, and for attorney’s fees. There is no evidence whatever as to any dam *149 ages to Mr. Lamonica’s reputation. In view of the court’s conclusion with reference to these proceedings, there can he no recovery for attorney’s fees.
The claim made by the wife here is for damages for embarrassment and humiliation, which I suppose arises in a greater or lesser degree in connection with all garnishments of wages, but the point here is that, if there was no illegality in connection with the garnishment, there is no ground for recovery of damages. It is simply a routine legal procedure that countless hundreds or perhaps countless thousands of persons in this district are obliged to endure.”
The law is well settled that the husband is liable for purchases made by his wife if such purchases are necessary. We feel that the case of Montgomery v. Gremillion, La.App., 69 So.2d 618, is in point to the issues raised in this case and we are quoting a portion of said opinion as follows:
“(3) The judge a quo after giving thorough consideration to the evidence adduced reached the conclusion that the contract was ratified by the husband. He commented in an excellent statement of his reasons for judgment:
'In this case defendant by his own testimony admitted that he knew of his -wife’s proposed purchase; He knew the old furniture was being traded in; he knew with whom the deal was made ; lie knew who delivered the merchandise •or furniture; he used it, slept on the beds, ate off the table, sat on the chairs •etc., and continued to do this for many months or possibly even years, without any protest or warning to plaintiffs that he was not bound or did not intend to be bound on his wife’s contract. We find that even after this account is placed in the hands of plaintiffs’ attorney for collection, he sought amicable adjustment from them for more time to pay the obligation, stating even then he was not financially able to pay rather than that he had never authorized or ratified the purchase contract.’
“We are in complete accord with these findings.”
The plaintiff Henry J. Lamonica made no protest against the sale of the dryer and washer to his wife by Royal Furniture and despite repeated letters from Royal Furniture made no effort to settle the matter, or to advise them that his wife had made the purchase without his consent. The Trial Judge found that he used the dryer and washer, or at least benefited by its use several months and he cannot be heard now to deny that they were necessities and that the purchase of same by Mrs. Lamonica created a community obligation. See also D. H. Holmes Co. v. Van Ryper, La.App., 173 So. 584.
Appellant relies on a case of Commercial Credit Plan, Inc. v. Perry, La.App., 186 So.2d 900. This c.ase holds that the husband is the administrator of the community and that the wife during the existence of the community cannot exercise any of the in-dicia apart from her husband’s administration. We have no quarrel with the holding in this case but it turns on an entirely different statement of facts. In the instant case the question is whether the wife purchased necessities for her home with or without her husband’s consent and whether the community was liable for these debts created by the wife.
It is conceded by all that the income of Mrs. Lamonica while working became part of the community existing between her and her husband and the said community was definitely liable for the debts created for the benefit of the community by her.
For the foregoing reasons we find that the judgment of the Lower Court is correct and the same is hereby affirmed.
Affirmed.