REGAN, Judge.
The plaintiff, R. D. M. Corporation, filed this suit against the defendants, Mrs. Margie Patterson and Daniel Patterson, her husband, endeavoring to recover the sum of $906.01, representing what it asserts to be the balance due on a promissory note made by Mrs. Patterson and endorsed by her husband.
Service of the petition was obtained on Mrs. Patterson only, and she failed to file an answer thereto. Consequently, a judgment by default was rendered against her and a writ of fieri facias was issued to the Constable of the First City Court, pursuant to which he seized certain property which is asserted to be community in nature.
Thereafter, the other defendant, Daniel Patterson, filed an answer herein and simultaneously filed a rule to show cause against the plaintiff why the property seized should not be released and the writ of fieri facias should not be recalled and set aside. These consolidated pleadings were filed in conformity with the rules of the First City Court.
A hearing was held on the defendant’s rule to show cause, and judgment was rendered in favor of the plaintiff dismissing the rule and sustaining the seizure. From that judgment, the defendant husband has prosecuted this appeal.
The record discloses that the note involved herein was signed by Margie Patterson, and on the reverse thereof there is a signature which purports to be that of Daniel Patterson. Following the seizure, the validity of Daniel Patterson’s signature was placed at issue; however, the evidence in the record is presently insufficient to establish its authenticity.
The record does reveal, however, that the property seized was in fact community property, having been acquired during the existence of the marriage of the defendants. Moreover, it also discloses that the business operated by the defendants is a bar, and that the proceeds of the loan represented by the note was used in this business.
In view of the fact that the husband’s signature had not been the subject of dispute until after the seizure occurred, the only question now posed for our consideration is whether a seizure of community property is valid when effected to satisfy a judgment obtained merely against the wife on a community obligation, and when the husband is not made a defendant therein by service of citation and obtainment of judgment.
The law is that a wife may bind herself personally for a community obligation or, under certain circumstances, bind the community for a debt incurred by her.[1] Moreover, when the wife acts as a public merchant, the husband is liable for the debts incurred by her in such capacity pursuant to Article 131 of the Civil Code. However, when a wife incurs a debt on behalf of the marital community, the community property may not be seized to satisfy a judgment obtained solely against the wife. There is no doubt, to reiterate, that the wife has the capacity, under certain circumstances, to bind the marital community. However, such capacity extends only to the creation of a substantive right which must nevertheless be enforced in a manner which is procedurally correct. Article 735 of the Code of Civil Procedure clearly and ex *625 plicitly provides that the husband is the proper defendant to enforce an obligation against the marital community. If any other result were reached, the community property law of this state would be rendered chaotic.
We are fully cognizant of the rationale emanating from the case of Lamonica v. Royal Furniture Company of Baton Rouge, Inc.,[2] which in effect reasoned that a wife’s wages, though community in nature, may be seized by garnishment for the payment of an obligation incurred by her when it was clear that the obligation so incurred was binding on the community and that the husband need not be made a party defendant therein. It appears that the mandatory provisions of Article 735 of the Code of Civil Procedure were not considered.
There is little doubt that this opinion creates a conflict between the First and Fourth Circuit Courts of Appeal. However, that is a matter for the Supreme Court to reconcile which is now of particular significance in view of the fact that the La-monica case was before it for review and writs were refused.
In any event, we are compelled to reach the inevitable conclusion that the seizure of the community assets in this case was illegal in view of the fact that the husband was not made a party defendant by service of citation and obtainment of judgment against him in order to enforce or satisfy the community obligation.
Counsel for the defendant has requested damages for the illegal seizure of the community property together with attorney’s fees. Since the record is incomplete with respect to the amount of damages which were sustained by the defendants, and since the question of the husband’s liability is now an issue, it is necessary that this case be remanded to the lower court for a determination of these matters.
For the foregoing reasons, the judgment of the lower court is hereby reversed and set aside and the case is remanded for such additional proceedings as the nature of the case may require and not inconsistent with the views expressed herein.
Reversed and remanded.

. See Friendly Loans, Inc. v. Morris, 142 So.2d 810 (La.App., 1962).

. 197 So.2d 147 (La.App., 1967).