273 So.2d 539 (1973)
GENERAL TIRE SERVICE
v.
Edward NASH.
No. 9154.
Court of Appeal of Louisiana, First Circuit.
February 1, 1973.
*540 Victor L. Roy, III, and Wm. D. Kiesel, Roy & Kiesel, Baton Rouge, for appellant.
Samuel Dickens, Baton Rouge, for appellee.
Before LOTTINGER, ELLIS and CRAIN, JJ.
CRAIN, Judge.
This appeal is from a judgment of the City Court of East Baton Rouge Parish, dismissing plaintiff-appellant's suit.
The record shows that on February 9, 1970, Mrs. Bessie W. Nash entered into an installment contract with plaintiff-appellant, General Tire Service, for the purchase of four tires. On July 7, 1971, suit was entered by appellant against defendant-appellee, Edward Nash, for the sum of $172.94 alleged to be the balance due and owing on the contract entered into between appellant and Mrs. Bessie Nash.
Answer was filed by appellee in the form of a general denial. Interrogatories were propounded by appellant to appellee, the answers to which indicate that appellee is the husband of Bessie Nash and was married to her at the time she purchased the tires. The answers also indicate that Mrs. Nash did not have separate property. However, it was asserted that she was the record owner of the automobile on which the tires were placed, she made the payments, and her husband knew nothing about them and did not consent thereto.
When the matter came on for trial, it was stipulated between the parties that Mrs. Nash purchased the tires from General Tire Service, and the tires were used by her for purposes of going to and from work and for general use for the community. The only oral testimony taken was that of Harry Joseph Smith for the plaintiff. The trial judge dismissed the suit because no evidence was presented to show that Edward Nash entered into a contract with plaintiff-appellant, breached a contract, or was indebted to plaintiff-appellant.
Although requested by the appellant, no agreed stipulation of facts was entered into between the parties, nor was a note of evidence filed by the trial judge. Appellant argues that the oral testimony taken was not necessary to the decision of the trial judge, nor to our disposition of the matter. Although we have no way of knowing what was testified to below, the record here will not support a judgment for appellants.
*541 The sole question is whether a judgment can be rendered against defendant-appellee where the contract sued upon was signed by his wife only, for car tires placed on a vehicle in her name, but used for the general use of the community. Appellant argues that no further evidence is necessary to show that the tires are a necessity and appellee is therefore liable.
Civil Code Article 120 provides that it is the obligation of the husband to furnish the wife with necessities. However, this article must be considered in conjunction with Civil Code Article 1786. That article provides that the husband is presumed by law to have authorized the purchase by the wife of necessities where he does not himself provide for them. In such instances there are two necessary elements of proof. First, that the articles purchased are necessities and secondly, that the husband has failed or refused to furnish them. Nationwide Acceptance Company v. Griffin (La.App.4th Circuit), 171 So.2d 701. Even if we assumed the tires on the automobile were necessities the second requirement, that the husband has not furnished them has not been proved.
Appellant argues that Lamonica v. Royal Furniture Co. of Baton Rouge, 197 So.2d 147 (La.App. 1st Circuit 1967), stands for the proposition that certain items may be considered necessities without further proof, and that tires are such items. This may be true. However, that does not relieve the claimant of the burden of showing that the husband failed or refused to provide the necessities. Actually in the Lamonica case this Court found that there had been a ratification of the wife's purchase by the husband. If the purchase does not classify as a "necessity", the husband's liability for the wife's purchase must be based on authorization or ratification. LSA-C.C. Articles 1817, 2402, 2404; Rahier v. Rester, La.App., 11 So.2d 87; Hagedorn Motors, Inc. v. Godwin, La.App., 170 So.2d 779. The finding of this Court in Lamonica that the husband ratified the purchase made it unnecessary to further hold that the items purchased were necessities. Thus, Lamonica cannot be considered authority for relieving the claimant the necessity of showing that the husband failed or refused to furnish necessities.
The conclusion that must be reached herein is that plaintiff-appellant cannot recover against defendant-appellee without proof at least that the husband failed or refused to furnish the tires even if they are considered necessities. If they are not considered necessities, it must be shown that the husband authorized the purchase or ratified it by consent or acquiescence. Thus the record as it now stands without the oral testimony is insufficient to support a judgment in favor of appellant. Since we have no transcript nor note of evidence to advise us of the content of the testimony given orally we have no way of deciding whether appellant has met the requirements of law. Normally we would dismiss this appeal since the responsibility for completing the record lies with the appellant. Cf. Schroeder v. Schroeder, La. App. 1966, 184 So.2d 75. However, the record here shows that appellee refused to stipulate to a narrative of the facts. The trial judge was then asked to do so by appellant, but the trial court's written reasons contain only a chronology of events and not a narrative of the facts as testified to be the only witness called. In fact, the trial judge pointed out in his reasons that he had no independent recollection of the events surrounding the case. Under these circumstances, we do not feel that appellant is at fault in the failure of the record to contain a narrative of the fact. We also do not feel that a remand to place a narrative in the record would serve any purpose in view of the trial judge's lack of recollection as to the facts presented. We find similar situations to have been presented in Hardy v. Blount (La.App. 1st Circuit), 163 So. 186; Orleans Shoring Co., Inc. v. Verdun et al. (La.App.4th Circuit), *542 144 So.2d 474; Delahoussaye v. Porrier (La.App.), 232 So.2d 562.
Accordingly, the judgment appealed from is set aside and the case remanded to the Baton Rouge City Court for the introduction of all admissible evidence by either party. Cost of this appeal to be assessed one-half to plaintiff-appellant and one-half to defendant-appellee.
Remanded.