LEMMON, Judge.
Plaintiff has appealed from the dismissal of its suit which sought to collect a corporate debt from an individual defendant, Cecil Martin.
Plaintiff had obtained a judgment in another proceedings against C. C. Rentals, Inc., a corporation for which Martin worked on salary as manager.[1] When a judgment debtor rule was filed, Martin authorized the company attorney to negotiate with plaintiff to prevent seizure of the company assets. After some negotiations, the exact nature and extent of which was in dispute, plaintiff agreed to withhold execution of the judgment. C. C. Rental’s attorney then sent plaintiff’s attorney a corporation check in the amount of $100.-00, accompanied by the following letter:
“This will confirm our agreement.
“Cecil Martin, who is associated with C-C Rentals, Inc., has agreed to pay $100.00 per week on the amount due General Electric Company. He understands this amount to be $1,589.67, plus interest from March 31, 1971, plus costs.
“So long as he continues to make these $100.00 per week payments you have agreed not to take any further action to collect a judgment.
“If this confirms your understanding, please initial a copy of this letter and return it to me for my files.” [2]
Martin left C. C. Rentals’ employ shortly thereafter, and plaintiff received no further payments on the debt. Plaintiff then filed this suit to collect the .debt from Martin as his personal obligation.
Since parol evidence cannot be received to prove a promise to pay the debt of a third person [C.C. art. 2278(3)], the issues before us are (1) whether Martin authorized the letter as a personal undertaking and (2) whether the letter obliged Martin to pay the entire judgment.
*230 The trial court found that the attorney, at the time of writing the letter, “was not Martin’s lawyer. He was the lawyer for C. C. Rentals, Inc.” Our review of the evidence shows that neither plaintiff’s attorney nor other representative ever discussed the matter with Martin, and at least in the beginning of negotiations the attorney undoubtedly represented Martin’s employer and not Martin individually. While plaintiff’s counsel testified as to his understanding from the negotiations that Martin undertook to bind himself personally, both Martin and the attorney denied any intent for Martin to undertake any personal obligation. Furthermore, the sole payment delivered under the agreement was a corporation check.
Nevertheless, even if the attorney was authorized to bind Martin personally at the time of writing the letter and intended to do so, the language does not reasonably establish an obligation for Martin to assume payment of the entire judgment.[3] At most, the letter established that he bargained to pay $100.00 each week in exchange for plaintiff’s forebearance in withholding execution of the judgment that week.
 An obligation to pay the debt of another must be express in all particulars. If plaintiff understood that Martin promised to personally pay the entire judgment, it was incumbent upon plaintiff to secure clear written evidence of the promise.
Finally, we reject plaintiff’s contention that it suffered a detriment in reliance on Martin’s promise. Any forebearance beyond one week after the agreement was not induced by Martin.
The judgment is affirmed.

AFFIRMED.

. Martin also owned 25% of the corporation stock.

. Plaintiff’s attorney responded with the following letter:
“Thank you for your letter of December 3, enclosing a check in the amount of $100.-00. This will confirm our understanding, as set out in your letter, that Mr. Cecil Martin will pay $100.00 per week on the amount due General Electric Company, and that this check acts as a first payment.
“I confirm to you that the amount owed is $1,589.67, plus interest and costs. We will determine these after sufficient payments are made to reduce the amount of the the claim.
“This will also confirm our agreement that we will take no further action to collect the judgment as long as weekly payments of $100.00 are received.
“Kindly make the checks payable to General Electric Company and foreward them to our office.”

. While the letter does not deny Martin intended to do so, plaintiff has the burden of proving by competent evidence that Martin did in fact personally assume the obligation.