666 So.2d 1328 (1996)
Bobby G. HALL, et ux, Plaintiffs-Appellees,
v.
Roy M. LILLY III, et al., Defendants-Appellants.
No. 27,891-CA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 1996.
*1329 Roy M. Lilly, Jr., Sandford & Lilly, Gibsland, for appellant.
James R. Hatch, Hatch & Smith Law Offices, Homer, Paul E. Kitchens, Kitchens, Benton, Kitchens & Warren, Minden, for appellee.
Before MARVIN, HIGHTOWER and WILLIAMS, JJ.
*1330 WILLIAMS, Judge.
In this debt collection action, the defendant, Roy Lilly, III, appeals a trial court judgment finding him liable for the balance due on a promissory note, dismissing his reconventional demand against the plaintiffs, Bobby and Rochelle Hall, and also dismissing his third party claim against defendant, Susan Hall Johnson. The plaintiffs answered the appeal, urging that the trial court should also have found Lilly liable for the balance due on a second promissory note. For the following reasons, we affirm in part, reverse in part and remand.

FACTS
The plaintiffs, Bobby and Rochelle Hall ("Halls"), agreed to loan a sum of money interest free to the defendants, their daughter, Susan Hall Lilly Johnson ("Johnson") and their son-in-law, Roy M. Lilly, III ("Lilly"), so the couple could build a house. The Halls disbursed the loan proceeds in five installments between June and August 1988. The money was deposited into a joint bank account established by Lilly and Johnson, both of whom withdrew funds from the account to pay for construction materials and labor.
On September 26, 1988, Johnson executed an unsecured promissory note in the amount of $24,000.00, payable to the Halls. Lilly did not sign this note. Two days later, both Johnson and Lilly signed a second promissory note in the amount of $36,000.00, payable to the Halls. This note was secured by a mortgage on the couple's house and required payments of $200.00 in monthly installments. Johnson began making monthly loan payments of $333.00 to the Halls.
In June 1991, Lilly and Johnson separated and shortly thereafter, Johnson stopped making loan payments to the Halls. Then, in March 1992, the Halls filed a petition to collect money loaned to Johnson and Lilly and to foreclose on the mortgage. Lilly filed a reconventional demand against the Halls and a third party claim against Johnson.
The trial court rendered judgment in favor of the Halls against Lilly and Johnson, in solido, for the balance due on the second promissory note, and against Johnson alone for the balance due on the first note. The court also dismissed Lilly's reconventional demand against the Halls and his third party demand against Johnson. Lilly appealed this judgment and the Halls have answered the appeal.

DISCUSSION

September 28, 1988 Promissory Note
Lilly argues the trial court erred in finding him liable for the debt under the $36,000.00 promissory note which he signed. He asserts that there was a lack of consideration for the note. Under the law applicable in 1988, when the promissory notes were executed, no consideration was necessary for an instrument given as security for an antecedent obligation of any kind. LSA-R.S. 10:3-408. The current law, LSA-R.S. 10:3-303, similarly provides that an instrument is issued for consideration when it is issued or transferred as security for an antecedent debt, whether or not the claim is due. A pre-existing debt constitutes sufficient consideration for the execution of a promissory note. Eldred v. Wicker, 273 So.2d 902 (La. App. 1st Cir.1973).
In the present case, the Halls disbursed funds to Lilly and Johnson in five checks issued between June 3, 1988 and August 17, 1988. Thereafter, Lilly and Johnson signed a promissory note for $36,000.00 on September 28, 1988. Lilly maintains that consideration is lacking for this note because he did not receive funds at the time of signing. However, Lilly testified that he was aware that he and Johnson had previously received loan money from the Halls. Under our law, Lilly's pre-existing debt constitutes sufficient consideration for the promissory note. The trial court was not in error in finding Lilly liable with Johnson for the balance due on the promissory note. This assignment lacks merit.
Lilly also argues that the trial court erred in dismissing his third party demand *1331 against Johnson. He asserts that he has a cause of action based on her failure to pay the loan. A promise to pay the debt of another must be express in all particulars. Kaplan v. University Lake Corp., 381 So.2d 385 (La.1979); General Electric Co. v. Martin, 331 So.2d 228 (La.App. 4th Cir.), writ denied, 334 So.2d 432 (La.1976). The fact that Johnson failed to make loan payments does not grant Lilly a cause of action against her under the note, absent an express agreement to the contrary. Lilly admitted at trial that he signed the promissory note for $36,000.00, but he asserts that he gave her enough money each month to pay the loan. Neither the record nor the testimony shows that Johnson expressly agreed that her failure to maintain loan payments would make her liable to Lilly for any damages resulting from nonpayment. After reviewing the record, we cannot say that the trial court was wrong in dismissing Lilly's third party demand. This assignment lacks merit.

September 26, 1988 Promissory Note
The Halls filed an answer to the appeal, arguing that the trial court erred in concluding that Lilly was not liable for the balance due on the note signed by Johnson. The Halls assert that the note is a community debt for a necessity, obligating Lilly to pay the loan. Lilly contends that he is not liable because he did not sign the note and that a loan obtained for house financing is not a necessity of the community.
The nondebtor spouse is not personally liable for separate or community debts incurred by the other spouse, unless the nondebtor spouse has disposed of former community property for a purpose other than the satisfaction of community obligations. Lawson v. Lawson, 535 So.2d 851 (La.App. 2nd Cir.1988). However, an obligation incurred by a spouse during the community property regime may be satisfied after termination of the regime from the property of the former community. LSA-C.C.Art. 2357. Here, Johnson signed a promissory note for $24,000.00 after receiving loan proceeds which were used to build the community home. Lilly did not sign that note and we have no evidence that Lilly disposed of any property of the former community. Therefore, as the trial court correctly held, Lilly is not personally liable for the debt incurred by Johnson. However, we point out that his interest in the former community property may be seized by the Halls to satisfy the judgment against Johnson, under C.C. Art. 2357.
The Halls also argue that Lilly should be liable for the debt because it was incurred by Johnson for necessaries. A spouse is solidarily liable with the other spouse who incurs an obligation for necessaries for himself or the family. LSA-C.C. Art. 2372. In order for a spouse to be liable for the purchases of the other spouse, it must be shown that the obligation is for a necessity which the other spouse failed or refused to furnish. General Tire Service v. Nash, 273 So.2d 539 (La.App. 1st Cir.1973). Thus, in this case, if Lilly was not providing the necessities for Johnson when the Halls loaned them money, then Johnson would have had a sufficient claim under the statute to obligate Lilly. However, there is no evidence that Lilly failed to furnish any necessities. Under these circumstances, the debt incurred by Johnson cannot be considered an obligation for necessities. Therefore, this argument lacks merit.

Conspiracy Theory
Lilly argues that the trial court erred in dismissing his reconventional demand solely on the basis of the consumer protection claim, without considering his allegations of conspiracy by the Halls and Johnson. Lilly asserts that he alleged and proved sufficient facts to show collusion and abuse of process. The Halls argue that they made a genuine loan and are trying to collect a valid debt using the procedures set forth under Louisiana law. They assert there is no evidence of a conspiracy with Johnson or of any ulterior purpose.
Abuse of process is a cause of action originating from the common law and *1332 recognized in our jurisprudence as a compensable tort under LSA-C.C. Art. 2315. Mini-Togs Inc. v. Young, 354 So.2d 1389 (La.App. 2nd Cir.1978). The two essential elements of abuse of process are an ulterior purpose and a wilful act in the use of the process not proper in regular conduct of the proceeding. Simon v. Perret, 619 So.2d 155 (La.App. 3rd Cir.1993). Here, the Halls loaned money and obtained promissory notes. The debtors stopped paying in 1991 and the following year the Halls filed suit on the defaulted notes. Whatever their motives, there is no evidence that they used the process to gain a result not proper under the law. The object of the Halls' suit was to gain recognition of the mortgage and collect a debt. There is nothing illegal about this object. Lilly has alleged the first element of ulterior motive but has failed to show an irregularity in the proceedings. Thus, Lilly has not supported a cause of action and this argument also lacks merit.
Lilly also contends that the trial court erred in failing to consider his claim of conspiracy on the part of his ex-wife and her parents. After a hearing on the Halls' exceptions to Lilly's reconventional demand, the trial court sustained their exception of prescription as to any action based on the note executed more than one year prior to Lilly's demand and based on R.S. 51:1409. Accordingly, the court dismissed any claim by Lilly under 51:1409, based on the $24,000 note. However, the trial court did not specifically address Lilly's additional claim that the Halls and Johnson conspired to deprive him of his interest in the community home. In the trial court's final judgment, it found no violation of the consumer protection law and dismissed Lilly's demand. Again, the court did not specifically address the conspiracy issue.
The record contains conflicting testimony in regard to the conduct of the parties at the time of the execution of the promissory notes. Lilly testified that after the separation, he paid $700.00 to Johnson each month for "child support," and that she agreed to make the loan payments. Lilly further testified that he was unaware of the $24,000.00 promissory note and did not know that Johnson had stopped making payments for the $36,000.00 note. Lilly's mother testified that Johnson had informed her that the Halls told Johnson to stop making the loan payments. Johnson denied making that statement. Johnson acknowledged receiving a monthly payment of an unspecified amount from Lilly. Johnson also testified that although she stopped making the loan payments because she did not have enough money, she never informed Lilly that she was not paying the loan.
Because the trial court found no violation of the consumer protection law, it dismissed Lilly's reconventional demand without addressing Lilly's collusion claim. Consequently, we overrule the exception of prescription and remand to the trial court for an evidentiary hearing limited to the issue of collusion as alleged in Lilly's reconventional demand.

CONCLUSION
For the foregoing reasons, we affirm the trial court's judgment in favor of the Halls against Lilly and Johnson, in the sum of $30,400.00 and in favor of the Halls against Johnson in the sum of $20,276.00. We reverse that part of the trial court's judgment dismissing the defendant's reconventional demand with respect to the claim alleging collusion, and remand for further proceedings. Costs of this appeal are assessed one-half to the appellant, Roy Lilly, and one-half to the appellees, Bobby and Rochelle Hall.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.